January Term,
1861.

STATE ex rel.
AMES,
v.
SOUTHWICK.

---

STATE ex rel. AMES vs. SOUTHWICK.

| 13 | 365 |
| 82 | 160 |

Sheriffs' are not ineligible to offices other than that of sheriff, for the two years next succeeding the termination of their offices, under section 4 of article VI of the constitution.

Section 157 of chapter 13 of the Revised Statutes, in prescribing the time in which county officers elected or appointed, shall execute and deposit their official bonds and take and subscribe their oaths of office, provides for two classes of cases; the one where an election or appointment is made to fill an unexpired or other term, where the period of its commencement is not ascertained and fixed by law; and the other where it is made for a full and regular term, in which the period of commencement is so ascertained and fixed. In the first, it provides that the officer shall qualify himself within twenty days after official notice of his election or appointment, and in the second, before the expiration of twenty days after the commencement of his term. *Held*, therefore, that a qualification by an officer elected for a full term, made after the expiration of twenty days from the time he was officially notified, but before the commencement of his term, was within the provisions of the statute, and good.

INFORMATION in nature of *quo warranto*.

*P. V. Wise*, for relator.

*J. H. Knowlton*, for respondent.

*By the Court*, DIXON, C. J.  The stipulated facts of this case present two questions of law :  1. Is a duly elected and qualified sheriff ineligible to the office of county treasurer for the two years next succeeding the termination of his office of sheriff, under the provisions of section 4 of article VI of the constitution?  2. Does section 157 of chapter 13 of the Revised Statutes, require a county officer, who has been elected for a full and regular term, to execute his official bond and take and subscribe the oath of office within twenty days after receiving notice of his election; or may he execute and

March 12.

deposit such bond and take and subscribe such oath after the expiration of such twenty days and before the commencement of the term for which he was elected, or within twenty days after the commencement of such term?

The language of the constitution is by no means perspicuous and certain. Neither an affirmative nor a negative answer to the first question can be positively said to violate it. Either will satisfy it. The words are: "Sheriffs shall hold no other office, and be ineligible for two years next succeeding the termination of their offices." Then follow in immediate succession, constituting the residue of the same section, several distinct provisions, all relating to the office of sheriff; such as that he may be required to renew his security from time to time; the office to be deemed vacant in case of default; the county not to be made responsible for his acts; and the power of the governor to remove, &c. Looking at all these provisions, it is evident that the office of sheriff, was the principal subject of consideration; and we think that in thus declaring him to be ineligible the framers intended that the ineligibility should be confined to that office.

This construction is in accordance with the rule that disabling acts, or laws in derogation of the general rights and privileges of the citizen, are to be strictly construed. I also see no reason why the principle of interpretation, which is applied to general laws that concern the prerogatives of the king, should not as well apply to those which relate to the rights of the people of Wisconsin, each and every one of whom is deemed a sovereign. It is that they are to be most strongly construed in the king's favor, and that none of his prerogatives are to be divested or taken from him, unless they are included by express words. Bacon's Abr., Title "Prerogatives," E, 5. We all know that the privilege of seeking and holding office is one which is very near and dear to the hearts of a large majority of the people. Most believe themselves qualified for, and many consider themselves absolutely entitled to office. This was, to a great extent, the case at the time the constitution was adopted, as the early history of our state will show, and as might, if necessary, be instanced in several noted cases. Under these circumstances it cannot

be supposed by any, that it was the intention of the people to abridge this great prerogative, though for the shortest space of time, except for some great and overpowering necessity. We are certain that they considered the allurements of an immediate re-election to the office of sheriff too powerful even for the virtue and manhood of a sovereign; but it is not clear that they entertained the same views of any other office. Inasmuch, therefore, as they did not extend the disability to other offices by express words, and as it is doubtful whether they intended to include them, we must, in favor of fundamental rights and privileges, hold that the relator was eligible to the office of treasurer.

January Term,
1861.

STATE ex rel.
AMES,
v.
SOUTHWICK.

The second question we also think must be resolved in favor of the relator. The statute is: " Every county officer named in this chapter, shall, before entering upon the duties of his office, and within twenty days after receiving official notice of his election or appointment, or within twenty days after the commencement of the term for which he was elected or appointed, execute and deposit his official bond as prescribed by law; and every such officer shall also, within the same time, take and subscribe the oath of office prescribed by the constitution of this state, before some person authorized to administer oaths, and deposit the same with his official bond, to be preserved and filed therewith." The facts of this case are, that, without demand on his part, the relator received official notice of his election on the 20th day of November. On the 20th day of December following, and before the commencement of his official term, he executed and deposited his bond, which was approved in due form of law, and at the same time took, subscribed and deposited the oath of office in the proper office.

On the part of the respondent it is insisted that the statute provides for two classes of cases; the one where the person elected or appointed receives actual official notice of his election or appointment, and the other where he does not; that in all cases where such notice is given, he must qualify within twenty days after its service, and shall not be permitted to do so afterwards or within twenty days after the commencement of his term; and that his failure so to qualify

creates a vacancy in the office under the provisions of subdivision 6 of section 2 of chapter 14 of the Revised Statutes. We think this position is in part correct and in part not so. We are of the opinion that the statute distinctly provides for two classes of cases; but that the distinction between them is different from that contended for by counsel. The first embraces those cases in which the officer is elected or appointed to fill an unexpired or other term, where the period of its commencement is not ascertained and fixed by law. In such cases it was necessary, in order that the time for the qualification and acceptance might not run on indefinitely, and the public remain unserved, that some limit should be fixed within which such acts should be done; and hence the provision as to their performance within twenty days after notice. The other class embraces those cases where the election or appointment is for a full or regular term, and where the period of commencement is fixed and certain. In such cases, no notice is necessary for the purpose of defining the time within which the qualification must be made, for the statute itself does that, by declaring it must be within twenty days after the term commences. This appears to us to be the more obvious and natural construction of the statute. The expression "within twenty days after the commencement of the term," must be understood as fixing a period *after* which the qualification shall not be made; and as the relator had qualified before such period elapsed, such qualification was good.

The relator is entitled to hold and exercise the office; and judgment of ouster must be awarded against the respondent.