THE STATE ex rel. PRINCE, Appellant, vs. McCARTY, Respondent.

*January 13 — February 2, 1886.*

*County clerk: Removal: Charges: When appointee must qualify.*

1. Written charges filed with the county board stated that the county clerk had refused and neglected to obey the orders of the board in that he had refused to execute and to affix the county seal to certain described instruments. An order removing the clerk from office, made after a hearing, stated that the ground of removal was " official misconduct and wilful neglect of duty." *Held,* that the charges and order sufficiently specified "the cause or causes of removal," under sec. 974, R. S.

2. When the county clerk is removed by the county board and another person is appointed to fill the vacancy, such person must qualify within the time prescribed by sec. 701, R. S.

APPEAL from the Circuit Court for *Ashland* County.

Action to try the title to the office of county clerk of Ashland county. The complaint alleges that on February 13, 1884, upon charges filed and after a hearing had, the defendant was duly removed from said office by the county board; that on the same day the relator was duly appointed to fill the vacancy so created; and that on said day the defendant usurped the said office and has ever since unlawfully exercised the same and withheld it from the relator. The answer, besides denials, alleges that the pretended order of removal was void for the reason, among others, that the charges upon which it was based were insufficient.

The charges against the defendant, as filed with the county board, were to the effect that the defendant had refused and neglected to execute a county order for a certain sum and a general release and satisfaction to one Edwin H. Abbot, and to affix the seal of the county to such instruments, as directed by resolutions of the county board. Other facts will appear from the opinion. See, also,

*McCarty v. Board, etc.* 61 Wis. 1, and *Prince v. McCarty*, id. 3.

At the close of the plaintiff's testimony the defendant moved for a nonsuit on the grounds (1) that the relator failed to qualify, and that the deputy county clerk was rightfully in the possession of the office until he did, and (2) that the record fails to show the jurisdiction of the county board to pass the order. The motion was granted, and from the judgment entered accordingly the plaintiff appealed.

The cause was submitted for the appellant on the brief of *Knight & Hayes*, and for the respondent on that of *J. J. Miles* and *W. M. Tomkins*.

For the appellant it was contended, *inter alia*, that under the circumstances there was no necessity for the relator to file his oath of office and bond, and he was not required to do so. He could do this after a judgment of ouster with the same force and effect as if he had done so on the day of his appointment. R. S. sec. 3471; *People ex rel. Finnegan v. Mayworm*, 5 Mich. 146; *People ex rel. Lansing v. Miller*, 16 id. 56; *S. C.* 24 id. 458.

Cole, C. J. We think the nonsuit cannot be sustained on the ground that the record does not show jurisdiction of the board to make the order. The defendant was removed from the office of county clerk of Ashland county by an order of the county board dated February 13, 1884, and the relator was appointed to fill the vacancy. The ground of removal, as stated in the order, was for official misconduct and wilful neglect of duty. It is objected on the part of the defendant that the order removing him was void on its face, because it fails to specify the particular act or acts which show that he had been guilty of official misconduct or neglect of duty. It is said that these facts should be stated with such fulness and precision that a court could

say, as a matter of law, that they justified the board in re-
moving him from office, if established by proof. The
charges which were made were in writing, and were filed
with the county board, and clearly set forth that the de-
fendant as clerk refused and neglected to obey the orders of
the board in that he refused to execute and to affix the seal
of the county to the instruments, which are fully described.
It was the duty of the clerk to sign all orders for the pay-
ment of money directed by the board to be issued, and to
authenticate instruments by affixing the seal of the county;
consequently we are inclined to hold that the charges and
order sufficiently specify "the cause or causes" of removal
to meet the requirements of sec. 974, R. S.

But the nonsuit was right, because it appeared the relator
had failed to qualify within the time prescribed by statute.
The relator himself states that he was informed of his ap-
pointment by the chairman of the board, on the day the
order was made or the day after. He demanded of the de-
fendant the books, papers, and records appertaining to the
office. It appears, however, that his official bond was not
filed until the 25th of March, 1884. The statute clearly
provides that before he entered upon the duties of his office,
and within twenty days after receiving official notice of his
appointment, he should execute and deposit his official bond,
and within the same time take and subscribe the oath of
office. Sec. 701, R. S. A neglect or refusal to do these
things within the time prescribed creates a vacancy in the
office. Sec. 962, R. S. The relator was appointed to fill an
unexpired term. He states that he was informed by the
chairman of the board of his appointment on the day the
order was made or the day after. He should have qualified
within the time prescribed by law. *State ex rel. Ames v.
Southwick*, 13 Wis. 365. It is said that the relator made and
subscribed both the official oath and bond in due form, and
that the bond was approved by the proper officers. The

bill of exceptions does show that a bond was executed and approved, but what was the date of approval does not appear; also that an oath was taken on the 16th of February, 1884. But the indorsement on the bond shows that it was not filed in the office of the county clerk until the 25th or 26th of March. The oath was filed on the latter day. This fails to show that the statute was complied with.

But it is said the relator was under no necessity to file his oath of office and bond under the circumstances, nor was he required to do so. It is claimed that he could qualify under sec. 3471, R. S., after judgment of ouster against the defendant, with the same force and effect as if he had qualified the day of his appointment. We cannot adopt that view of the section. It appears that this action was not commenced until December 13, 1884; and the term for which the relator was appointed expired on the first Monday of January, 1885, long before this action was tried. It is very apparent from the language of sec. 3471 that it was not intended to apply to a case like this. The respondent, having been elected to the office, had the right to hold it until his successor was qualified. Sec. 698, R. S.

*By the Court.*— The judgment of the circuit court is affirmed.

Lyon, J., took no part.