## SUPERVISORS OF KEWAUNEE COUNTY VS. DECKER.

PLEADING AND PRACTICE. (1, 3) *What orders appealable.* (2, 4, 5) *Bill of Particulars attached to complaint— whether redundant.*

1. An order refusing to strike out matter from a complaint as redundant, is not appealable.
2. A statement of the *particulars* of plaintiff's cause of action (where it consists of items capable of detailed statement) may be demanded by the defendant, and may properly be made by plaintiff without demand, by inserting it in or annexing it to the complaint as a part thereof.
3. An order striking out such a statement *may* affect the merits of the action, and is appealable.
4. The fact that such a statement is *voluminous* (where the nature of the case requires it to be so), is no ground of objection.
5. In an action against the clerk of a board of county supervisors, for $14,000, alleged to have been received by him for the county in various small sums, during a series of years, and never accounted for, a statement of all the items making up the amount claimed was annexed to the complaint as a part thereof; and an order of the circuit court striking it out as redundant, is reversed.

APPEAL from the Circuit Court for *Kewaunee* County.

The following statement of the case was prepared by Mr. Justice LYON as a part of his opinion.

These are cross appeals from the same order made by the circuit court.

The complaint in the action charges and alleges that from 1858 to 1869, the defendant was clerk of the plaintiff, duly elected, etc., and that, as such clerk, during those years, he received large sums of money from divers persons for the redemption of lands sold for taxes to said county; that he received the sums for which said lands were sold, and interest thereon at the rate of 25 per cent., together with the costs and charges of such sale; and that he has never accounted to the county for the amount of interest, costs and charges so received by him, which amount is stated to be fourteen thousand dollars. A statement was annexed to the complaint and made a part of it, which purports to show in detail the date of sale and certificate, the description of the land, and the sum for

which the same was sold, and the amount paid to and received by the defendant, as such clerk, for the redemption thereof, in each case where the county of Kewaunee owned the certificate at the time of such redemption. This statement is very voluminous.

The complaint also states other alleged causes of action against the defendant, growing out of other official transactions, which it is unnecessary to refer to more particularly.

The defendant moved the court to strike out of the complaint, as redundant, all of such last mentioned causes of action, and also the statement above mentioned, and those portions of the complaint which refer to and describe the same.

The court denied the motion as to the last mentioned causes of action, and granted it as to the statement annexed to the complaint, and such references thereto.

From that portion of the order denying the motion the defendant has appealed to this court; and the plaintiff has, in like manner, appealed from that portion which grants the motion.

*J. D. Markham,* for the plaintiffs, contended that an order refusing to strike out matter from a complaint is not appealable (*Rahn v. Gunnison,* 12 Wis., 528; *Franke v. Nunnenmacher,* 23 id., 297; *Whitney v. Waterman,* 4 How. Pr. R., 313; *Bedell v. Stickles,* id., 433, and 3 Code Rep., 105; *Tallman v. Hinman,* 10 id., 90; *Cruger v. Douglass,* 8 Barb., 81; 1 Van Santv. Eq. Pr., 167; 2 Whittaker's Pr., 767; 2 Till. & Shearm., 984); that the exhibit which is made a part of the complaint in this case, was properly made a part thereof, and should not have been stricken out; that the plaintiff would have been compelled by the court, on defendant's demand thereof, to furnish just such a schedule of items; that the consideration most strongly urged against it, in fact most strongly recommends it, viz., that it requires defendant to answer under oath as to each particular item charged therein; that he kept the books from which the statement is made, and can, if he desires, have an inspection thereof

to enable him to answer understandingly, and thus the issues upon which testimony must be taken may be narrowed almost indefinitely ; that the object of pleading is to bring the parties to some definite issues, and the object of the code in requiring defendant to answer under oath when the complaint is verified, is to do away with the necessity, on plaintiff's part, of proving facts which the defendant cannot conveniently deny under oath; that defendant is not in any way aggrieved by unnecessary particularity in setting forth plaintiff's cause of action, unless it be in the matter of costs, and the court will not strike out the allegations on that ground (*Denithorne v. Denithorne*, 15 How. Pr. R., 232 ; *Malony v. Dows*, id., 261 ; *Hynds v. Griswold*, 4 id., 70 ; *Martin v. Kanouse*, 2 Abb. Pr. R., 330; Van Santv. Pl., 315) ; and that if the pleading is unnecessarily prolix, the party who is finally aggrieved thereby in the way of costs, may object to the taxation thereof, as being " for service not necessary to be performed." R. S., ch. 133, sec. 82.

*Felker & Weisbrod*, for the defendant, argued that the gist of the action is the conversion of plaintiff's property (1 Chitty's Pl., ",Trover"), and the allegations that defendant received $30,000 of plaintiff's money, and that he has refused to pay over and has converted to his own use $14,000 thereof, form a complete count ; that defendant is not charged with the conversion of *tax certificates*, but of *money*; and that even if he was charged with the conversion of certificates, the exhibit here would be redundant. 1 Whittaker's Pr., 567, 650, 655, and authorities cited ; 2 Till. & Shearm., 177 and cases cited; 17 Wis., 139 ; 6 How. Pr. R., 298 ; 3 Duer, 684.

They further contended that the complaint stated in fact three causes of action, viz.: for the conversion of moneys received upon redemption of lands sold for taxes ; for conversion of moneys received upon sales of tax certificates and of lands for the plaintiff; and for conversion of moneys received upon illegal assessments—and that these should have been stated *separately* (6 How. Pr. R., 298; 12 id., 28; 14 id., 184; 10 id.,

361 ; 17 id., 239'); and that the proper remedy was by motion to strike out two of the causes of action as redundant. 12 How. Pr. R., 28 ; 19 Wis., 139.

LYON, J.  I.  As to the appeal taken by the defendant.  It is objected by the counsel for the plaintiff, that an order refusing to strike out matter from a pleading for redundancy is not appealable.  We think this objection is well taken.  The statute (Laws of 1864, ch. 264, sec. 10) specifies the cases in which appeals may be taken to this court from orders of the circuit court.  If this order is appealable, it is so by virtue of subdivision *one*, or subdivision *four*, of the above section.  That is to say, if the order is appealable it is because it affects a substantial right by preventing a judgment from which an appeal might be taken (subd. 1), or because it involves the merits of the action or of some part thereof (subd. 4).  We do not think that this order affects a substantial right, or involves the merits of the action ; and if not, then it is not an appealable order.  It seems very clear that the order cannot operate to prevent a judgment, and is therefore not appealable under the first subdivision of section 10 ; and we cannot perceive how a refusal to strike out redundant matter in a pleading can possibly involve the merits of the action or of any part of it.  Our statute providing for appeals from orders, and prescribing the orders which are appealable, is a copy of the provision of the New York Code, which gives an appeal from an order made by a single judge to the general term ; and, so far as we are able to find, the courts in that state have uniformly held that an order refusing to strike out matter from a pleading as redundant, is not appealable.  See *Whitney v. Waterman*, 4 How. Pr. R., 315 ; *Bedell v. Stickles*, id., 432 ; and in *Cruger v. Douglass*, 8 Barb., 81, the same principle is asserted.  In that case it is said, and doubtless correctly, that orders which relate merely to matters of practice and procedure, or rest in that discretion which is not and cannot be governed by any fixed principles or rules, are not appealable.

We must hold that the order refusing to strike out certain portions of the complaint as redundant, relates merely to a matter of practice, not involving the merits of the action, and therefore that it is not appealable.

The appeal of the defendant, therefore, must necessarily be dismissed.

II. As to the appeal taken by the plaintiff. That portion of the order which strikes out the detailed statement annexed to and made a part of the complaint, is appealable, because it involves, or may involve, the merits of the action. The authorities are uniform to this effect.

We think the statement ought not to have been stricken out. It does not, as argued by counsel, contain the plaintiff's evidence, but is more nearly analogous to a bill of items in an action upon an account. Had it been omitted, upon a motion to compel the plaintiff to make the complaint more definite and certain, and probably upon a demand for a bill of particulars, the court would have required the plaintiff to furnish it. The defendant has the right to be informed of the precise character and extent of the plaintiff's demand against him, and the particulars thereof, and the statement annexed to the complaint furnished that information in as concise a form as was practicable. Indeed we do not perceive how the particulars of the alleged causes of action could well be stated more plainly or concisely. If, then, the defendant would be entitled to this statement by applying to the court therefor, had the same been omitted, we think it was competent for the plaintiff to annex it to the complaint in the first instance. We know of no law or rule of practice which requires a plaintiff to wait for a demand or for the order of the court, before he can legally make the particulars of his cause of action a part of his complaint.

We have been referred to no case which holds that a plaintiff may not serve the particulars of his claim or demand in the first instance, without waiting to be compelled to do so.

It is urged that the statement in question is very volumin-

ous, and that it should be stricken out for that reason. But the same objection might be urged to a bill of particulars in any case which involved the investigation of long accounts. The plaintiff has seen fit to bring an action to recover in the aggregate a large sum of money, which it charges that the defendant received for its use in small sums and at different times. It charges many hundreds of these transactions; and, as a matter of course, a very brief statement of each transaction must necessarily make a voluminous pleading or exhibit. But it would be just as absurd to strike out the exhibit or statement for that reason alone, as it would be to strike out a bill of particulars in an action on an account, merely because it contained many hundreds of items and was very voluminous.

We think that the circuit court erred in striking out the statement annexed to the complaint, and the references thereto in the body of this complaint.

The portion of the order from which the plaintiff has appealed, must be reversed, and the cause remanded for further proceedings in accordance with the opinion.

*By the Court.*—So ordered.