## NOONAN vs. ORTON.

### PRACTICE.

1. An order *refusing* to strike out matter from a pleading as irrelevant or redundant, is *not* appealable; while one striking out as irrelevant or redundant, matter which is not so in fact, *is* appealable. *Sup'vs. of Kewaunee Co. v. Decker*, 28 Wis.

2. In this case, an appeal from an order striking out as irrelevant or redundant, matter which was really so, is dismissed.

APPEAL from the County Court of *Milwaukee* County.

The facts are stated in the former report of the same case, *ante*, p. 356. Defendant, having amended his answer, plaintiff moved to strike out certain matter therein contained, as being irrelevant and redundant. The court ordered the matter stricken out, from which order defendant appealed.

*J. J. Orton*, appellant, in *pro. per.*

*Jason Downer*, for respondent.

DIXON, C. J. The matter stricken out by the court below was strictly irrelevant and redundant. It had no more to do with the causes of action set up in the complaint or with the matters of justification or defense pleaded in the answer, or which could properly be pleaded, than if the defendant had set up that prior to the commencement of the garnishee suits, the plaintiff had defamed or libeled him, or committed an assault and battery upon him, or perpetrated any other distinct wrong or trespass. The averment stricken out was of matters and facts not connected with the cause of action to recover rents on the lease, in which action the garnishee proceedings were instituted. It was, therefore, an averment of matters which could not affect the question of abuse of process in that action, and so was irrelevant here.

If the court below had denied the motion to strike out and the plaintiff had attempted to appeal, his appeal must have been dismissed. An order refusing to strike out matter from a pleading for irrelevancy or redundancy is not appealable. *Board of Supervisors of Kewaunee Co. v. Decker*, 28 Wis., 669 ; *Frank v. Nunnemacher*, 23 Wis., 297. An order striking out, as irrelevant and redundant, matter which is in reality not so, is appealable. *Board of Supervisors of Kewaunee Co. v. Decker, supra.*

The question of appealability in this case differs from both the above, and is whether an appeal lies from an order striking out actually redundant and irrelevant matter. Such an order

cannot in the very nature of things be injurious to either party, and cannot affect the merits, or any part thereof, of any action in which it is made, nor can it affect any substantial right.

The question is something like that presented in *Cobb v. Harrison*, 20 Wis., 625, where it was held on appeal from an order *erroneously* striking out a demurrer as frivolous, that the. order would *not* be reversed, it appearing that the demurrer was bad and that the demurrant asked no leave to plead over at the time the order was made. The reason of the decision was that it appeared the defendant had suffered and could suffer nothing by the order—that it did not affect the merits of the defense, becuase it was shown the defendant had no defense to make. That was an appeal from judgment on the order, and the judgment was affirmed. Had it been an appeal from the order, it is improbable the appeal would have been dismissed. It is a matter of no importance to the parties, as costs follow the same in either event, whether the appeal is dismissed or the order affirmed in a case like this. It is more in harmony with principle, or what we consider a correct construction of the statutes, to dismiss the appeal; and that must be the order in this case.

*By the Court*—Appeal dismissed.