## ROTHE VS. ROTHE.

PLEADING. (1) *Demurrer* ore tenus. (2) *Court must determine the cause of action intended to be stated, and whether complaint sufficient.* (3) *A complaint held to be for a tort, and insufficient.*

1. An objection to the admission of any evidence under the complaint, on the ground that it does not state a cause of action, is in the nature of a demurrer *ore tenus* to the complaint.
2. Upon such demurrer, as upon any other on the same ground, the court must determine the nature of the cause of action intended to be set forth in the complaint, whether it is in tort, or upon contract, or whether a suit in equity was intended; and for this purpose no allegations material as tending to show the nature of the cause of action, or the intention of the pleader, can be overlooked, or rejected as surplusage, even though the court might, on motion, permit the complaint to be amended at that stage by omitting some allegations of that character.

Rothe vs. Rothe.

3. The complaint states that upon the death of plaintiff's brother in this state, the defendant, the widow of the deceased, telegraphed to plaintiff at his home in the state of New York, requesting him to come out immediately to attend the funeral; that he came; that plaintiff is, by the law of this state, and well knew herself to be, the sole heir-at-law of said deceased; that defendant was not aware of that fact; that he was not informed of it by defendant before making said journey; and that by reason of this negligence and misconduct on defendant's part, plaintiff was put to great expense, etc., in making such journey, to his damage, etc. *Held*, that the court below, upon objection to the admission of any evidence under the complaint, properly treated the action as one in *tort*, and the complaint as insufficient.

APPEAL from the County Court of *Milwaukee* County.

This action, by *Louis Rothe* against *Catharine Rothe*, was commenced in a justice's court. The allegations of the complaint will sufficiently appear from the third paragraph of the opinion. The answer was a general denial. The justice rendered judgment in favor of the plaintiff for $111.98, damages, and for costs. The cause was appealed to the county court, and after a jury had been called and sworn, the plaintiff called a witness, who was sworn, and a question was put to him by plaintiff's counsel touching the issue; but defendant's counsel, before the witness had answered the question, objected to the introduction of any evidence under the complaint on the ground that no cause of action was stated therein. The court sustained the objection, and rendered judgment reversing the judgment of the justice, and dismissing the complaint, with costs in defendant's favor. From this judgment the plaintiff appealed.

*E. Fox Cook*, for appellant, argued that an action sounding in *tort* gives, in certain cases, a concurrent remedy with *assumpsit* (Saunders' Pl. & Ev., 336, 337; *Burnett v. Lynch*, 5 B. & C., 609; *Govett v. Radnidge*, 3 East, 124; 4 M. & W., 337; 6 id., 655, note d; 9 id., 668; 3 Bouv. Inst., 649, 653, 654); that *any* fraudulent conduct of another which occasions injury to the plaintiff, is actionable without regard to the novelty of the case (2 Smith's L. C., at close of *Pasley v. Freeman*); that,

omitting certain parts of the complaint as surplusage, a cause of action on an implied contract is stated; that if any of the allegations were objectionable, the remedy was under secs. 8, 12, 13, 21 or 22 of ch. 125, R. S. ; and that after the defenddant had answered and gone to trial before the justice and appealed from the judgment, it was too late to object to the introduction of evidence under the complaint. R. S., ch. 120, sec. 46, subd. 6, and sec. 49 ; 3 Wis., 736.

*Smith & Stark*, for respondent, cited R. S., ch. 120, sec. 217, which provides that on appeal from a justice's court, except in certain cases, "the action shall be tried in the appellate court as cases originally brought there."

Dixon, C. J. The judgment appealed from was correct, and must be affirmed. The objection to any evidence being received on the ground that the complaint does not state facts sufficient to constitute a cause of action, is in the nature of a demurrer *ore tenus* to the complaint; and upon such demurrer, as upon any other, the court must determine from the facts alleged what the cause of action stated, or intended to be, is, and whether such statement is sufficient. It must determine whether the action is in tort or upon contract, or whether a proceeding in equity was intended; and for this purpose none of the allegations material as showing or tending to show the character of the action or the intention of the pleader can be overlooked or rejected as surplusage. This was so held in *Supervisors of Kewaunee County v. Decker*, 28 Wis., 669. The only difference between a case of that kind and one like this, is, that possibly here an amendment, if applied for, might have been granted by allowing certain allegations of the complaint to be stricken out. No such application was made, however, and we do not say it should have been granted if it had been, but only that some of the authorities seem to make a distinction in that respect where the cause has progressed so far as to be called for trial, or the trial has commenced, before the objection is taken.

Rothe vs. Rothe.

·The complaint here is clearly in tort, which counsel for the plaintiff does not pretend to contravert; but he asks us to reject those allegations which give it that character, and if, by so doing, we can sift out a cause of action upon contract, that then we shall sustain it as a good complaint for that cause of action. This cannot be done. We cannot reject as redundant and superfluous the allegations of improper, negligent and careless conduct and concealment of facts by the defendant, by means of which the plaintiff charges that he was deceived and imposed upon by her, and induced to make the journey and suffer and incur the expenses and loss of time for which he seeks to recover compensation in this action. Those allegations are insufficient to show any liability on the ground of deceit, fraudulent concealment, or negligence; but they are sufficient to give tone and character to the complaint, and to point out very distinctly what the cause of action intended to be stated was.

The facts stated in the complaint indicate an effort on the part of the plaintiff, who is a brother of the deceased husband of the defendant, to compel the defendant to pay his, plaintiff's, traveling expenses and for the value of his time in going to and attending the funeral services of his deceased brother, the late husband of the defendant. The complaint avers the death of the brother and husband at the city of Milwaukee on the 11th day of May, 1869; and that thereupon, on the same day, the defendant, both by letter and by telegram, requested the plaintiff, who resides in Westchester county, New York, to come to Milwaukee; and that he came. The complaint states the value of the property of which the deceased brother died possessed, that he left no children or lineal descendants, and that by the laws of this state the defendant, his widow, was his sole heir. It alleges that the plaintiff was ignorant of this peculiarity in our law of descent, and then charges the defend-with improper, negligent and careless conduct and concealment in not informing him by the letter and telegram, of the law of

this state, or of the fact that she was sole heir, so that the plaintiff was deceived and imposed upon by the defendant. It is hardly necessary to observe that the complaint discloses no facts which made it the duty of the defendant to communicate the information at the time and under the circumstances. It would have sounded very strangely for the dispatch to have read : "*Frank is dead; come immediately. I am sole heir.*"

Nor do we think the time has yet come when a request from one near friend or relative of a deceased person to another, to attend his funeral, will be construed as implying a promise on the part of the former to pay the latter for his time, trouble and expenses.

*By the Court.*—Judgment affirmed.