## McCORD vs. McSPADEN.

AMENDMENT OF ANSWER. (1) *Order allowing amendment held not reviewable on appeal from judgment, and perhaps not appealable.* (6) *Amendment on trial, to conform to facts proven.*

EVIDENCE. (2–7) *Questions as to competency of evidence.*

INSTRUCTIONS TO JURY. (8) *Whether a certain instruction expressed the opinion of the court on a question of fact.*

1. In an *action upon an award* made by H. and S., two of the three arbitrators to whom, or a majority of them, the parties had submitted "all controversies and matters of difference existing between them of every kind and nature whatsoever," the answer was: (1) That the only matter of difference between the parties at the time of such submission was connected with an action by plaintiff against defendant for an alleged assault, etc., and that the arbitrators heard evidence concerning other matters, not in controversy between the parties, and considered the same in making their award. (2) That before the award was made, the arbitrators mutually agreed to resign, and did resign, their authority as such, and that afterwards H. and S., without notice to G., the third arbitrator, and without his knowledge or consent, met and made the award. Defendant was permitted to *amend* the answer by inserting a statement of the particular circumstances of the alleged assault, etc. *Held,* that the order allowing such amendment was within the discretion of the court, and did not involve the merits nor necessarily affect the judgment, and *cannot be reviewed* on appeal from the judgment (Tay. Stats., 1632, § 6), and was probably not itself appealable.

McCord vs. McSpaden.

2. Evidence having been admitted for the plaintiff which tended to show that on the day when G. withdrew from the arbitration, defendant recognized the board of arbitration as still in existence and competent to make an award, it was not error to admit evidence for defendant to show that at the time of such recognition he had not been informed of G.'s withdrawal.

3. It was not error to permit defendant, as a witness for himself in this action, to state the nature of the difference between himself and plaintiff " as detailed by the witnesses before the arbitrators," *for the purpose only* of showing that the arbitrators acted upon matters not submitted to them, the court at the same time ruling that defendant could not in this action "go into the merits of the controversy" submitted to arbitration.

4. G. testified (for defendant) that on a certain occasion, before the award was made, he told S., that he (G.) intended to withdraw from the arbitration, and that S. desired to know why, and witness gave him his reason. Being then asked what reason he gave, G. was permitted, against plaintiff's objection, to state that he told S. his reason was that he did not believe S. was an impartial arbitrator. The conversation being the one in which it is claimed for defendant that S. agreed in a certain contingency to withdraw from the arbitration, it was not error to admit *evidence of the whole conversation* (including the portion objected to), as part of the *res gestae*, and bearing upon the question of such alleged promise of S.

5. G. was also allowed to testify that when the arbitrators were chosen he objected to the selection of S. as one of them. *Held*, that the evidence was improperly admitted, but that the *error was immaterial*.

6. Where an issue of fact, not raised by the pleadings, was distinctly submitted to the jury without objection, the admission of any proper evidence of such fact (not objected to on the ground that the issue was not made by the pleadings, but only upon other grounds) cannot be treated as error. In such a case the pleadings may be amended, if necessary, to conform to the facts proved.

7. Where the question was, whether either of the acting arbitrators was guilty of any misconduct or unfairness which invalidated the award, a witness, being requested to state what facts he knew, answered that " when defendant made a statement that appeared to bear hard on plaintiff, S. would ask a question in order to lighten it up a little, and when it bore on defendant's side, S. tried to do away with it." *Held*, that this was a statement of an alleged *fact*, having a direct bearing on the question at issue, and the court did not err in refusing to strike it out.

8. The court instructed the jury: "If you believe that G. was induced

to resign and withdraw from the arbitration by reason of the agreement of the other two arbitrators to withdraw and resign their authority, and thereby G., so resigning, was prevented from meeting," etc., "in such case the award is void." *Held*, that this language is not open to the objection that it states or intimates as the opinion of the court that the other two arbitrators *had* agreed to withdraw when G. did so.

APPEAL from the Circuit Court for *Vernon* County.

Action on an award.  By an instrument in writing and under seal, dated and executed September 20th, 1870, the parties submitted " all controversies and matters of difference existing between them, of every kind and nature whatsoever," to the decision of three arbitrators, Hill, Gordon and Smith, and mutually agreed therein " to abide by the decision and judgment of such three arbitrators, or of a majority of them, and to pay or do whatsoever said arbitrators, or any two of them, should order in the premises." On the same day, the arbitrators therein named, after taking and subscribing an oath fairly and faithfully to hear and examine the matters thus submitted to them, and to make a just award according to their best understandings, met and heard the allegations and proofs of the respective parties.  On the 30th day of the same month, Hill and Smith, two of the arbitrators, made an award in writing, signed by them, as follows: "The said *Francis McSpaden* shall pay to the said *Samuel McCord*, forthwith, the full sum of three thousand dollars, which sum, when paid, shall be in full payment and satisfaction of all claims and demands whatsoever of said *McCord* against said *McSpaden*, and each of said parties shall be thereupon and thenceforth freed and discharged of and from all claims and demands whatsoever now existing against him in favor of the other."

The complaint sets out the above facts, and further alleges that the matter then in controversy between the parties was at that time the subject of an action pending in the Milwaukee county court, and also that before October 20th, 1870, the

plaintiff demanded of the defendant payment of the sum so awarded to him, but the latter neglects and refuses to pay the same.

The answer finally interposed (and which is termed in the printed case the "second amended answer") alleges that the action pending in the Milwaukee county court was brought by the plaintiff against the defendant to recover damages for an alleged assault, battery and false imprisonment, and that, when such submission was made, this was the only matter of difference and controversy between the parties, and the only matter submitted to the arbitrators. What purports to be a detailed statement of the facts and circumstances of such assault, battery and imprisonment, is made in such answer. The answer further alleges that the arbitrators heard evidence concerning certain losses of the plaintiff in a banking business, and concerning various other matters which were not in controversy between the parties, and considered such evidence in making their award. Also, that on the 21st day of September, and before any award had been determined upon, the arbitrators mutually agreed to and with each other, to resign, and did resign their authority as such arbitrators, and that Smith and Hill made the award without notice to Gordon of their intention to do so, and without his knowledge, consent or presence.

Several exceptions were taken, during the progress of the trial, to the rulings of the court, a statement of which in their order, and of the proceedings essential to a correct understanding thereof, will be found in the opinion.

There was a verdict and judgment for the defendant; and the plaintiff appealed.

*Waldo & Van Valkenburg,* for appellant:

1. The second amendment to defendant's answer was unnecessary, all of the material facts contained in it having been set up by a previous amendment. It was calculated to prejudice plaintiff's case by introducing before the jury a statement of irrelevant facts, and its allowance was therefore a material

error. 2. All the exceptions to the testimony admitted against plaintiff's objections, were well taken. [Counsel argued the several exceptions at length.] 3. The instruction excepted to by plaintiff, intimates the opinion of the court upon a material fact, and was therefore improper. 4. The motion to set aside the verdict and for a new trial should have been granted. The submission and award being regular in form, the latter is of the same validity, and may be proved in the same manner, as a judgment. Cow. & Hill's Notes, 1035 ; *Winne v. Elderkin*, 1 Chand., 219. All reasonable intendments will be made in favor of an award, and the party alleging error must show it. *Dolph v. Clemens*, 4 Wis., 181, and cases cited; *Bancroft v. Grover*, 23 id., 463, and cases cited; *Morewood v. Jewett*, 2 Rob., 496. To impeach an award it must be shown, either that the arbitrators made some palpable mistake, that they were guilty of corruption, partiality or gross misbehavior, or that they passed upon matters not submitted to them. Story's Eq., § 1451 ; *Herrick v. Blair*, 1 Johns.' Ch., 101. The testimony upon these points on the part of the defendant was very weak, and entirely insufficient to sustain the verdict.

*Geo. C. Hazelton* and *O. B. Thomas*, for respondent, contended that the instruction objected to did not assume any facts, as claimed, bu . was qualified by the words " if you believe from the evidenc ; " that the second amendment to defendant's answer was pi iper as showing that the arbitrators had taken into consideratic 1 matters not only not submitted to them, but not in controversy between the parties at the time (*Ferson v. Drew*, 19 Wis., 225 ; 2 Greenl. Ev., § 87); that evidence of the facts detailed by witnesses before the arbitrators was admissible for the same purpose (Morse on Arb. & Award, 213–4; *Butler v. Mayor*, 7 Hill, 328 ; *Cook v. Jacques*, 15 Gray, 59; *Walker v. Walker*, 1 Wins. (N. C.), 259 ; Russell on Arb. (3d ed.), 468 ; *Woodbury v. Northy*, 3 Greenl., 85; *Spurck v. Crook*, 19 Ill., 415; *Hale v. Huse*, 10 Gray, 99) ; that the award was vitiated by the absence of one of the arbitrators at the time it was made, with-

out notice to him of the meeting (Russell's Arb., 443); and that the evident partiality of Smith, one of the arbitrators, and the action or agreement of Smith and Hill by which Gordon was led to resign, and to believe that they would resign, were sufficient cause for vacating the award. Morse on Arb., 152, 533, 534, and cases cited.

LYON, J. 1. The circuit court permitted the defendant, on motion, to amend his answer by inserting therein a statement of the particular facts and circumstances of the alleged assault, battery and false imprisonment, which constituted the matter of difference between the parties when the agreement of submission was entered into. It is claimed that this was error.

It was within the sound discretion of the court to permit the answer to be amended in that respect. While it may be true that the answer was sufficient without the amendment, and that the new matter inserted therein is redundant matter, yet the order of the court permitting the amendment to be made is not one "involving the merits and necessarily affecting the judgment," and hence it can not be reviewed on an appeal from the judgment. Tay. Stats., 1632, § 6. Probably the order itself is not appealable. Had the objectionable matter been inserted in the original answer, an order refusing to strike it out as redundant would not be appealable. *Noonan v. Orton*, 30 Wis., 609.

2. The plaintiff read in evidence a letter addressed by the defendant to Hill, one of the arbitrators, dated September 22, 1870, which is as follows: "If your decision between me and *S. McCord* has not yet been rendered, please request Mr. Smith to withhold until I see you, within a few days." He also read in evidence another letter of the same date, addressed by Gordon, one of the arbitrators, to Hill and Smith, the other arbitrators, informing them that he had withdrawn from the arbitration.

The defendant was permitted to testify, under objection, that

on the evening of the same September 22, Gordon told him that the board of arbitrators had dissolved and nothing more would be done in the matter, and that he wrote the letter to Hill in the morning of that day, and before he knew of such dissolution.

The effect (if not the purpose) of introducing the defendant's letter to Hill in evidence, certainly was to raise a presumption that on the day Gordon withdrew from the arbitration, the defendant recognized the board of arbitrators as still in existence and competent to make an award. We think the testimony objected to was competent to explain that letter and the circumstances under which it was written, and perhaps to qualify or limit any inference which might otherwise be drawn from it, that the defendant recognized the authority of Hill and Smith to make a valid award.

3. The following question was put to the defendant in his own behalf: "State to the court and the jury the nature of the difference between you and *McCord* at that time, as detailed by the witnesses before the arbitration?" An objection having been interposed to the question, on behalf of the plaintiff, the court said : "For the purpose of showing that the arbitrators acted upon matters which were not submitted to them, I will admit the testimony ; but you can not go into the merits of the controversy, and have it decided here on its merits. You can show generally, what the matters in dispute were."

It seems very clear that the testimony sought to be elicited by the question, was competent testimony, for the purpose and to the extent indicated by the court.

4. Gordon testified that on the morning of September 21, he told Hill, at the office of Gregory & Pinney, in Madison, that he proposed to withdraw from the arbitration ; that Hill then left the office, and Smith came in, and he told him the same thing. Smith desired to know why, and the witness gave him his reason for so doing. The witness was then asked, on behalf of the defendant, what reason he gave Smith for such

withdrawal; an objection to this interrogatory was overruled; and the witness answered in substance that he told Smith that his reason was that he did not believe that he (Smith) was an impartial arbitrator.

This was the same conversation in which it is claimed that Smith agreed in a certain contingency to withdraw from the arbitration. On the issue as to whether Smith did so agree, we think the whole conversation relating to the arbitration is admissible in evidence on behalf of either party, the same being part of the *res gestæ;* and hence, that the court did not err by admitting the testimony under consideration.

5. Gordon was also allowed to testify that when the arbitrators were chosen, he objected to the selection of Smith as one of them. We hardly think that the testimony was proper, but are unable to perceive in what way the plaintiff could have been injured by it. If wrongfully received, it seems to be one of those immaterial and trifling errors which are almost unavoidable in the trial of sharply contested jury causes, and which result in no injury to any one. Such errors do not work the reversal of judgments.

6. The court refused to permit Gordon to testify as to the manner and appearance of Smith, when he was examining witnesses on the hearing before the arbitrators; but, in response to the remark, "You may state any facts you know," the witness made the following statement: "When *McSpaden* made a statement that appeared to bear hard on *Mr. McCord*, Smith would ask a question in order to lighten it a little; and when it bore on *McSpaden's* side, he tried to do away with it." The court refused to strike out such testimony, and we think the ruling was correct. It was a statement of an alleged fact, having a direct bearing upon a question which was distinctly submitted to the jury, without objection, as an issue in the case. That question was, whether either of the arbitrators who made the award had been guilty of any misconduct or unfairness in the matter of the arbitration, so gross as reasonably to lead to

the inference that the award was affected by it. It is true that the issue is not thus broadly made by the pleadings, but no objections or exceptions to the testimony or charge of the court were interposed on that ground. In such case the pleadings may be amended (if necessary) after judgment, to conform them to the facts proved, or the variance may be disregarded. Tay. Stats., 1445, §§ 35 and 36. It is also true that the testimony of Gordon as to the character and purposes of the questions put by Smith to the witnesses on the hearing before the arbitrators, is very general and indefinite, so much so as to be entitled to but little weight; yet it is, as before observed, testimony concerning the existence of a fact material to the issue, and was therefore competent.

7. Exception was taken by the plaintiff to but one of the instructions which the court gave the jury. That instruction is as follows: "If you believe from the evidence that one of the arbitrators, Gordon, was induced to resign or withdraw from the arbitration by reason of the agreement of the other two arbitrators, Smith and Hill, to withdraw and resign their authority as such arbitrators, and thereby the said arbitrator Gordon, so resigning, was prevented from meeting with the arbitrators at the time of the making of the award, in such case the award is void, and you should find for the defendant."

The only objection made by the learned counsel for the plaintiff to this instruction is, that it intimates, if it does not directly state, that Smith and Hill had agreed to withdraw from the arbitration when Gordon did so. If this objection, or criticism rather, is not well taken, it seems to be conceded that the instruction states the law correctly. We think that the objection is not well taken. Reading the instruction by itself, it is perfectly apparent that the judge spoke hypothetically of the alleged agreement of Smith and Hill to withdraw. No man of ordinary intelligence could be misled by the language employed. But considered in connection with the balance of the very clear and able charge of the learned circuit

judge, there is no room to doubt that the question of fact as to whether Hill and Smith did withdraw from the arbitration, was submitted to the jury for determination.

8. There are a few other exceptions, of minor importance, which it is not thought necessary to discuss. They have all been considered, and our opinion is that none of them are well taken.

Upon due consideration of the whole case, our conclusion is, that the judgment of the circuit court ought to be affirmed.

*By the Court.*—Judgment affirmed.