CARPENTER VS. REYNOLDS.

*October 31 — November 20, 1883.*

*Redundancy in pleading — Appealability of order.*

1. In an action upon a promissory note by a person other than the payees, the answer alleged that the note was executed and delivered to the payees; that it was never sold or transferred to the

plaintiff, and that he is not and never was the lawful holder or owner thereof; and that before the commencement of the action the defendant had paid the note in full to the payees, who were then the lawful owners and holders thereof. *Held*, that further allegations as to the fraudulent practices by which the plaintiff had obtained the note, were redundant, and were properly stricken out.

2. An order striking redundant matter from an answer does not affect a substantial right, nor involve the merits of the defense, and is, therefore, not appealable.

APPEAL from the Circuit Court for *Rock* County.

The appeal is from an order striking out a portion of the answer as irrelevant and redundant. The action is to recover the amount alleged to be due on a promissory note for $313.10, given March 23, 1882, by the defendant to the firm of Bois, Fay & Conkey, of Chicago, Illinois, payable July 15, 1882. It is alleged in the complaint that such note was transferred, before due and for a valuable consideration, to the plaintiff, and that he is the lawful owner and holder thereof. The answer, besides the allegations which were permitted to remain therein and which are sufficiently stated in the opinion, contained allegations, mostly upon information and belief, which were stricken out by the order appealed from, and which were, in substance, as follows:

That the plaintiff is an attorney of the circuit court for Rock county, and of the supreme court; that on March 15, 1882, as such attorney, he received from Remy & Chumasero, of Chicago, attorneys for Bois, Fay & Conkey, for collection, an account against the defendant for goods and merchandise to the amount of $323.10, and entered upon the collection thereof; that about March 18, 1882, he informed Bois, Fay & Conkey, through Remy & Chumasero, that he had "closely investigated the affairs" of the defendant, and falsely and fraudulently represented that the defendant had expressed a desire to compromise said account at fifty cents on the dollar, and had represented to the plaintiff that he

(defendant) was utterly unable to pay any part of said account at that time; that, in fact, the defendant had informed the plaintiff. that he was able and willing to pay the whole of said claim and to settle said account in full; that about March 20, Bois, Fay & Conkey, relying upon the false and fraudulent statements of the plaintiff, informed the plaintiff that, under the state of facts detailed by him, they would accept fifty cents on the dollar of their account, if well secured, to be paid in July, 1882, provided the fees for the collection were paid by the defendant; that on March 23, the plaintiff, as attorney for Bois, Fay & Conkey, took from the defendant the note in question in full payment of their account; that plaintiff did not inform said firm of the taking of said note, but falsely and fraudulently informed them that he had induced the defendant to give good security for one half of said claim; that on March 24, said firm requested the plaintiff to send said note, if he had taken a note from the defendant, to said Remy & Chumasero, their attorneys, which the plaintiff neglected and refused to do, and wrongfully kept possession of said note, but on March 28 sent to said firm through their said attorneys the sum of $179.83 (being fifty per cent. of the amount due on said account after adding interest from February 8, 1880), and at the same time falsely represented that such sum had been paid by the defendant in full settlement of the account, or that such sum was the full amount of the note given by the defendant. That on March 23, the plaintiff had falsely and fraudulently represented to the defendant that Bois, Fay & Conkey had informed him that the best they could do with the defendant in regard to said account was to throw off the interest thereon, whereas, in fact, the plaintiff had never had any such information from said firm. That about June 5, 1882, upon learning the false and fraudulent character of the statements and representations made to them by the plaintiff, Bois, Fay & Conkey demanded the note in question from

Carpenter vs. Reynolds.

the plaintiff, and forbade his transferring or collecting the same, and at the same time offered to pay back the said sum of $179.83, sent to them by the plaintiff and to pay him $30 as his fees for the collection; that the plaintiff refused to deliver the note to them or to accept said sums of money. That about July 28, 1882, after the defendant had fully paid said note to Bois, Fay & Conkey, the said firm, through Flower, Remy & Gregory, their attorneys, offered by letter to remit and return to the plaintiff the sum of $154 in full settlement of all matters between the plaintiff and said firm; that the plaintiff paid no attention to said letter and did not answer the same until December 18, 1882, when he informed said firm that he would accept such offer; that the firm thereupon informed the plaintiff by letter that if he would deliver to them the note here in question, they would immediately remit to him the said sum of $154; that the plaintiff did not answer said letter until January 25, 1883; that between December 18, 1882, and January 25, 1883, said firm failed in business and have ever since been unable to pay the $154 to the plaintiff, though up to the time of their failure they were at all times ready, able, and willing to pay the same. That the plaintiff claims to be the owner of the note by reason of the fraudulent scheme above set forth, and that his demand for judgment is founded upon a fraud.

For the appellant there was a brief by *J. B. Doe, Jr.,* attorney, and *Sale & Pierce,* of counsel, and oral argument by *Mr. Doe.* They contended, *inter alia,* that the allegations stricken out showed that the plaintiff was not the owner of the note, i. e., the real party in interest. It is not enough to allege that he is not the real party in interest; the *facts* showing why he is not must be stated. *Cottle v. Cole,* 20 Iowa, 481; *Russell v. Clapp,* 4 How. Pr., 347; *McMurray v. Gifford,* 5 id., 14; *Sayles v. Wooden,* 6 id., 84; *Edson v. Dillaye,* 8 id., 273; *Parker v. Totten,* 10 id., 233; *Thomas v. Desmond,* 12 id., 321; *Boyce v. Brown,* 7 Barb., 80; *Van*

*Schaick v. Winne*, 16 id., 89; *Seeley v. Engell*, 17 id., 530. If the plaintiff's pretended title to the note was obtained by such a fraud upon the payee as rendered the transfer void, or gave such payee the right to rescind, and such payee has avoided or rescinded such transfer, then such fraud constitutes a good defense for the maker. Benj. on Sales, sec. 442; *Clough v. L. & N. W. R'y Co.*, L. R., 7 Exch., 26; *S. C.*, 25 L. T. (N. S.), 708; 41 L. J., Exch., 17; *Hall v. Erwin*, 60 Barb., 349; *S. C.*, 66 N. Y., 649; *City Bank v. Perkins*, 29 id., 554; *Talman v. Gibson*, 1 Hall, 308. Since the defendant claims that plaintiff's title fails by reason of a fraud practiced by the plaintiff, the *facts* constituting the fraud should be clearly and specifically stated. That part of the answer stricken out does no more. *Gregory v. Hart*, 7 Wis., 532; *Dickerman v. Bowman*, 14 id., 388; *Supervisors v. Decker*, 30 id., 624; *Riley v. Riley*, 34 id., 372; 6 Wait's Act. & Def., 817, sec. 5; Kerr on Fr. & M., 363. The alleged contract of transfer or assignment was void and not voidable merely, by reason of plaintiff's fraud, and could not be confirmed without a new consideration. 2 Parsons on Con., 786; 1 Wait's Act. & Def., 467, sec. 5; *Thompson v. Bickford*, 19 Minn., 17; *Butler v. Haskell*, 4 Desaus. (S. C.), 651, 707–717; *Miller's Appeal*, 30 Pa. St., 478; Comyn on Con., 59; *Dowling v. Lawrence*, 58 Wis., 282.

For the respondent there was a brief by *Hyzer & Clark* and *Winans & Fethers*, and oral argument by *Mr. Hyzer*. They argued, among other things, that if the fraud alleged in the answer existed it might have been such as Bois, Fay & Conkey could take advantage of, but the transaction was good as to all others. If that firm had the right to avoid the transfer of the note it was only because the relation of attorney and client existed between them and the plaintiff. If they failed to rely on that right no outsider could do what that relation only permitted to be done. *Holden v. Kirby*, 21 Wis., 149; *Kinney v. Kruse*, 28 id., 183; *Crocker v. Bel-*

*langee*, 6 id., 645; Bigelow on Fraud, 222; *Marshall v. Joy*, 17 Vt., 546; *Leach v. Fowler*, 22 Ark., 143; *Cowan v. Barret*, 18 Mo., 257; *Harrington v. Brown*, 5 Pick., 519. The portion of the answer stricken out was irrelevant because it shows, (1) that the alleged fraud was not perpetrated upon nor did it injure the defendant; (2) that Bois, Fay & Conkey did not see fit to act upon the fraud, in that they retained the money paid them by the plaintiff for the note, after they had knowledge of all the facts. He who knowingly accepts and retains any benefit under a contract tainted with fraud, or who uses the property acquired as his own, after the discovery of the fraud, or who does any positive act forgiving the fraud, or unduly delays claiming back his property or giving up what he has received, affirms the validity of the contract. *Negley v. Lindsay*, 67 Pa. St., 217; 5 Am. Rep., 427; *Hunt v. Turner*, 9 Tex., 385 ; *Williams v. Ketchum*, 21 Wis., 432; *Hendricks v. Goodrich*, 15 id., 679; *Hollenback v. Shoyer*, 16 id., 499; *Van Trott v. Wiese*, 36 id., 439; *Grant v. Law*, 29 id., 99; *Pickett v. School Dist.*, 25 id., 551.

COLE, C. J. If the portion of the answer stricken out was immaterial or redundant, then there is no error in the order. Secs. 2683, 2684, R. S. The inquiry then is, Was this the character of the answer which was stricken out? Redundancy in pleading is the introduction of matters foreign to or not necessary to the cause of action or defense stated. 2 Bouvier's Law Dict., 524. Or, under the code, redundancy may consist in the needless repetition of material averments, or in the detail of what may be the evidence by which issuable facts are established. Subd. 2, sec. 2646, and subd. 2, sec. 2655, R. S. In the answer not stricken out the defendant states the circumstances attending the giving of the note; alleges that he executed and delivered it to Bois, Fay & Conkey, to whose order it was made payable. The de-

fendant denies that the note was ever sold, transferred, or delivered to the plaintiff, or that the plaintiff was at the commencement of the action, or ever had been, the lawful holder or owner thereof. It may be that these allegations are not sufficient to put in issue the title or ownership of the note, or to admit proof that the instrument had never been indorsed or transferred to the plaintiff by the payees. There are authorities which seem to lay down the rule that it is not enough to allege that the plaintiff is not the real party in interest, but that the answer should state the facts which show why he is not. It is not obvious what other fact the defendant could state, further than to aver distinctly that the payees had never indorsed or transferred the note to the plaintiff, and that he was not the lawful holder and owner thereof. But this is the necessary implication of the allegations, and it would seem that they were sufficient to enable the defendant to prove — if he could — those facts. But, without deciding that question, the answer further alleges that the note, from the time it was executed and delivered to Bois, Fay & Conkey, up to the 11th day of July, 1882, was and continued to be the property of that firm, and that on this last-named day the defendant paid the same in full to them, who were the lawful owners and holders thereof. That this answer was sufficient to admit proof of payment to the real owner and holder cannot be doubted. The establishment of such a defense would certainly defeat this action. It would show that the defendant had paid the note to the firm which owned it, and which alone had the clear right to receive payment.

Now, the portion of the answer stricken out contains an elaborate statement of matters which show that the plaintiff, while acting as the attorney of the firm of Bois, Fay & Conkey, obtained the note by committing a gross fraud upon them and the defendant; that he really never had any title to this note,— no right to hold it or sue upon it; that it

never had been transferred to him by the payees; and that it had actually been discharged by payment to the rightful owner. But all these facts, which were pertinent, might be proven under the answer which was not stricken out. It might be shown under that answer that the plaintiff obtained the note in question while acting as the attorney of Bois, Fay & Conkey in securing their debt against the defendant; that the payees never consented to the plaintiff's holding the note; that they had no knowledge of the facts attending its execution and delivery until the 5th of June, 1882; that as soon as they learned of the fraud, which had been practiced upon them they claimed the note, forbid the plaintiff from transferring it, and that they were the real owners when the defendant paid it to them. But this is merely probative matter, which might be given in evidence under the answer which was not stricken out. It may not be correct to say that it was strictly irrelevant, but it is redundant, because it is a needless repetition of material averments or conclusions of law. See Pomeroy on Remedies and Remedial Rights, §§ 551, 552. It might be struck out on motion without any prejudice to the defense. Therefore the order, from the nature of things, is not injurious to the defendant, and does not affect any substantial right. *Noonan v. Orton,* 30 Wis., 609; *Freeman v. Engelmann Transp. Co.,* 36 Wis., 572; *Lemke v. C., M. & St. P. R'y Co.,* 39 Wis., 456.

It would be improper at this time to enter upon any general discussion of the morality or legal effect of the acts of the plaintiff which were stated in the answer stricken out. Suffice it to say, for the honor of a noble profession, we hope all these matters will be shown to be quite unfounded in fact. Unmistakably, on their face they present a clear case of fraud and deceit on the part of the plaintiff — a gross violation of professional trust to a client, which no lawyer who has the least appreciation of the duties and ethics of the profession would ever be guilty of. It appears to be a very

plain case of an attorney taking advantage of both the creditor and debtor, when securing a debt, and then attempting to acquire a title to the note by means of fraud and deceit. It is unnecessary to observe that the law will neither uphold nor countenance such a transaction. See *Hall v. Erwin*, 60 Barb., 349; *S. C.*, 66 N. Y., 649. But it would be unjust, at this time, to assume that these matters were true, and we will not do so.

In the view which we have taken of that portion of the answer stricken out, it follows that the order does not affect a substantial right nor involve the merits of the defense, therefore is not appealable. *Noonan v. Orton, supra; Peeper v. Peeper*, 53 Wis., 507.

*By the Court.*— The appeal is dismissed.

