FISHER, Respondent, vs. SCHURI and others, Appellants.

*January 11 — January 29, 1889.*

*Pleading: Redundant matter: Appealable order: Action, tort or contract? Conspiracy: Joinder of causes of action: Motion to make definite and certain.*

1. An order refusing to strike certain matter from a complaint as redundant or irrelevant is not appealable.
2. A complaint sets forth the employment of the plaintiff as a minister, under a written contract, by the officers of an unincorporated religious society, his salary, perquisites, etc., and alleges that the members of the society were satisfied with him and desired his continuance as such minister, but that the defendants (two of whom were trustees of the society, who signed the contract of employment and had control of the temporal affairs of the church), wrongfully *conspiring* and contriving together to injure the plaintiff and drive him from his position as such minister, did various

acts, which are fully set forth. Then follows a statement of plaintiff's damages by reason of such acts. *Held*, on motion to make more definite and certain, that the complaint is in tort for a conspiracy, and states but one cause of action.

APPEAL from the County Court of *Winnebago* County. The facts will sufficiently appear from the opinion.

The cause was submitted for the appellants on the brief of *Weisbrod, Harshaw & Nevitt*, and for the respondent on briefs by *Gary & Forward*.

ORTON, J. The defendants moved that the amended complaint be made more definite and certain as to which cause of action stated therein the plaintiff intends to rely on, or which they are bound to answer, and to strike out from said complaint the allegations in respect to the defendants having published in a newspaper in the city of Oshkosh a public notice to the members of said congregation not to pay the plaintiff their subscription to the funds and expenses to pay him his salary as the minister thereof, and the allegations of his damages on account thereof. The motion was denied, and the defendants appealed from said order.

That part of the order refusing to strike out of the amended complaint any matter as redundant or irrelevant is not appealable. *State ex rel. G. B. & M. R. Co. v. Jennings*, 56 Wis. 113; *Kewaunee Co. v. Decker*, 28 Wis. 669; *Noonan v. Orton*, 30 Wis. 609; *Freeman v. Engelmann Transp. Co.* 36 Wis. 571; *Carpenter v. Reynolds*, 58 Wis. 666.

The only respect in which the amended complaint is claimed to be indefinite and uncertain is "that it sets forth several causes of action in the same count, and likewise sets forth, or purports to set forth, causes of action against [the defendants] individually, and others against them as trustees." These grounds for the motion do not seem to imply

any indefiniteness or uncertainty. They seem to show that the defendants at least assume to understand the complaint, and they are certain that it sets forth several causes of action in the same count, and that some are against them individually and others against them as trustees. It is not perceived how the complaint in these respects could be made more definite and certain to the defendants, as they understand it. These grounds would seem to be appropriate to a demurrer. But we are disposed to think that the learned counsel of the appellants do not understand the complaint, and that to them at least it is indefinite and uncertain. In this view alone would it seem proper to consider the grounds of the motion.

The complaint is long, but perhaps no longer than necessary to set forth the material facts. The allegations are, in substance, as follows:

(1) The plaintiff is an ordained minister of the Evangelical Reformed Church, and one of that kind of churches was established at Oshkosh as a voluntary and unincorporated society or association, and owned a church building and parsonage, and had officers duly elected, and conducted divine worship according to the rules of said church, under the name of the Helvetia Evangelical Reformed Church.

(2) The president, secretary, and two trustees of said church employed the plaintiff to be the settled minister thereof, and entered into a written agreement with him to the effect that he should preach to said church and congregation, and administer the rites thereof, for ten years from December 1, 1882, to December 1, 1892, and have the use of the parsonage, at a salary of $500 a year, and enjoy all the emoluments appertaining to a minister of said church; the salary to be raised by subscription, and to be increased from time to time proportionably to the increase of the membership of said church. That agreement is set out. The plaintiff entered upon his employment, and fulfilled all

of his duties and his part of the contract, and the church increased in membership, and the trustees performed their part of the contract, and there was entire harmony and prosperity for two years, and the plaintiff received his perquisites for baptisms, confirmations, marriages, and funerals and other outside services as such minister of at least $500 per year.

(3) The members and congregation were satisfied and friendly with him, and desired his continuance in his ministry to them, and he was willing, offered, and desired to do so.

(4) The defendants *Conrad Schuri* and *J. M. Beglinger* were the trustees who signed said agreement and had control of the temporal affairs of the church; and the defendant *John Ryf* was a member of the church, and approved and consented to the same. These defendants, disregarding their duty and obligations to the plaintiff, " unlawfully, maliciously, and without any just cause or good reason, *conspiring*, *conniving*, and *contriving* to injure the plaintiff, and to break up his relations with the congregation as their minister, and to drive him from his position as minister of said congregation, and to deprive him of the support of said congregation, and to induce said congregation to refuse to support the plaintiff and to pay him the salary and the fees aforesaid, to which he is entitled under said contract, in the year 1885," etc. · Then follows what the defendants did to injure the plaintiff. They influenced and prejudiced the members and congregation against him, so that they refused to call upon him to perform any services as their minister, and called upon other ministers for that purpose for which his customary fees were paid; and in June, 1885, the defendants, "*maliciously conspiring*, *conniving* and *contriving* together to injure the plaintiff, and drive him from his position as minister," and to break up the congregation and society, and thereby to prevent him

from receiving his salary and fees, and prevent them from paying his salary, and prevent him and the congregation from having access to and the use of said church building, "*unlawfully*, *maliciously*, and with *force*, for the purposes aforesaid, fastened and nailed up the doors and windows of said church building, and secured the same so that the plaintiff and said congregation were excluded therefrom, and continued to keep said building so closed, and refused to open the same, and have thereby prevented the plaintiff from performing his contract and having and receiving his fees as aforesaid."

(5) The defendants, after so preventing the plaintiff from performing religious services, and after so disorganizing, breaking up, and scattering said church and congregation, caused to be published in a newspaper in Oshkosh a public notice to the members of said congregation not to pay any part of their unpaid subscriptions for the funds and expenses of said society to the plaintiff, and advised and induced them not to do so.

(6) These several acts and influences of the defendants caused the plaintiff to be injured in the estimation of other religious societies and other churches of the same denomination, of which there are a large number in the United States. The plaintiff has been thereby damaged in the loss of his salary of $5,000; and in the loss of his fees and perquisites of $5,000; in his inability to get employment elsewhere, $6,000; and in his personal injury, anxiety of mind, reproach, contempt, ridicule, and disgrace, occasioned thereby, $4,000; and to his general damage of $20,000.

I have stated the substance of the complaint more at length that the scheme and theory of it may readily appear. The allegations in respect to the plaintiff's profession and situation and attitude towards the church and congregation and towards the defendants, and to his employment, salary, and perquisites, and to the written con-

tract, as also to the official character of two of the defendants, as trustees, having control of the church building and property, are all merely matters of inducement before the main charges of injury. Then follows in strong and sufficient language the charge of *conspiracy* and malicious intent, and the acts done in carrying out the conspiracy, and the special and general damages. It is a very clear and easily understood complaint in tort for *conspiracy*, and stating but one cause of action. It will be found to be according to the usual form of the books. The defendant *Ryf*, who did not sign the contract of employment, assented to it, and was one of the conspirators. The complaint could not be made more definite and certain than it is.

*By the Court.*— The order of the county court is affirmed, and the cause remanded for further proceedings according to law.