HORTON COTTRELL, Complainant, Appellee

*vs.*

HENRY C. GILTNER, Defendant, Appellant.

APPEAL IN EQUITY FROM FOND DU LAC CIRCUIT COURT.

Applications to the court to extend the time for taking testimony, are chiefly addressed to the sound discretion of the court, and an appellate court will not interfere, unless it appears that such discretion has been abused.

Motions for putting off the hearing, or for extension of time to take testimony, and the like, should be based upon affidavit disclosing merits.

BILL of foreclosure. The original bill was amended, and the amended bill filed on the 10th day of May, 1855, to foreclose a mortgage for default in payment of interest secured thereby.

The bill alleged that Charles H. Cottrell, as the agent of the complainant, in October, 1852, had in his hands money belonging to the complainant, for the purpose of loaning the same: that the defendant obtained a loan of him of $700, on the 6th day of October, 1852, to be paid June 1st, 1858, with interest at the rate of twelve per cent. per annum, payable on the 1st day of June in each year: that to secure the payment thereof, one Amos Giltner, brother of the defendant, and for the use of the defendant, executed on that day an absolute deed of certain lands situated in Fond du Lac county, to Charles H. Cottrell, and on the same day, said Charles H. Cottrell and the defendant executed a contract in duplicate, by which Charles H. Cottrell agreed to reconvey the lands described in the deed to the said defendant, on payment of the sum loaned, with interest, at the times and rate above specified, which the defendant so agreed to pay: that Charles H. Cottrell had no interest in the money loaned to the defendant, which was loaned to the defendant as the complainant's money. The deed was executed to Charles H. Cottrell because he had no power of attorney to execute a reconveyance in the name of the complainant, to the defendant,

on the payment of the money loaned and interest, and was advised to take the deed in that form by James W. Gillett, Esq., the mutual counsel of both parties: that soon after the date of the deed and contract, they were assigned to the complainant by Charles H. Cottrell, who never had any interest in the money loaned, or in the securities therefor. The bill then charges the non-payment of interest, and concludes with the usual prayer; answer on oath being waived.

On the 16th of June, 1855, the defendant filed his answer, in substance denying that he ever applied for or received a loan of complainant's money, admitting that he applied to Charles H. Cottrell and obtained a loan from him; alleging that he was indebted to William B. Brand, and others, in larger sums of money, past due, and that he was unable to pay the same without procuring a loan: that he was informed that Charles H. Cottrell was a money lender, and that to pay said debts he applied to him, some time in September, 1852, for a loan of $750: that said Charles H., on the 6th day of October, 1852, informed him that he had that sum to loan, but did not intimate to him that the money was not his own until more than a year after the transaction was completed; and denying that the money in fact belonged to the complainant: that said Charles H. Cottrell knew of the necessities of the complainant, and refused him the loan, unless he would, in addition to the said twelve per cent. interest per annum, allow him to deduct the sum of $30 from the said sum of $700, leaving the defendant only $670 actually received by him, he paying twelve per cent. interest per annum on the whole sum of $700, and at the expiration of the term repaying to said Cottrell the whole sum of $700, with the interest as aforesaid: that the necessities of the defendant compelled him to accept said proposition, that he did accept the same, and pays the $30 out of the $700, and gave security for the full amount of $700, with interest annually on the whole sum of $700, when, in fact, he only received $670. The answer admits the execution of the deed and contract referred to in the bill, and charges the contract of loan and agreement to be usurious and void. General replication.

At the October term, 1855, the cause was referred to a commissioner to take proofs, and the time was extended by stipulation until the April term, 1856.

To prove the defence of usury, and the usurious contract as set up in the answer, the defendant produced William B. Brand, who testified, in substance, that he was present at the making of the contract; that he received the money loaned by Charles H. Cottrell to Giltner, and that the amount loaned was $700, at twelve per cent. per annum; and that out of that, Charles H. Cottrell retained $30 as a bonus; that such was the arrangement; that he could not recollect whether Cottrell took out the $30 from the $700, or whether he handed the whole sum to the witness, and he handed the $30 back again to Cottrell.

On the part of the complainant was produced the deposition of Charles H. Cottrell, taken under a commission, which was substantially as follows: That he, the witness, made the loan of $700 to the defendant, for the complainant, in September, 1852; that the papers were executed October 6, 1852; that the securities were assigned to him for the reasons assigned in the amended bill; that the money loaned belonged to the complainant, and that this fact was disclosed to the defendant; that his authority from the complainant was to loan at twelve per cent., and nothing more, and that he so told the defendant before the papers were made; that he had no interest in the money loaned, or in the securities taken; had not then, nor has not had since; that on the 6th day of October, 1852, he paid the defendant $700, and afterwards the defendant paid him $30; that the $30 was paid for going and examining defendant's farm, investigating the title thereto, and attending at the time of the execution of the papers, and attending at the register's office to see prior incumbrances discharged; that this agreement to pay $30 was unknown to the complainant, and he had no interest in the money paid the witness for such time and service. The money loaned was received from his uncle, Adam Cottrell, about the 20th of September, 1852, to be loaned for the complainant.

At the August term, 1856, the counsel for the defendant filed

a motion for an order giving leave to the parties, or either of them, to take such rebutting proof as they may be advised to be necessary, and extending the time within which such proof may be taken until the first day of October next, or for such other or further order, &c., &c.

This motion was founded upon affidavits presented, and the papers on file in cause. The substance of the affidavits (it is believed) is sufficiently set forth in the opinion of the court, and it is, therefore, unnecessary to give them at length.

The Circuit Court denied the motion, and ordered that the proofs be closed; from which order the defendant appealed.

It should be remarked, that the usual time for taking proofs had transpired, and that the case was regularly called in its order for hearing, and the hearing commenced and was in progress when the foregoing motion was made.

*Eldridge & Waite*, for the complainant, appellee.

The cause having been reached, and the final hearing commenced, it was too late to ask further time for proofs. The time for taking proofs under equity, 62, had expired, and the extended time also. If further time had been needed, application should have been made before the whole time had expired.

No merits are sworn to, nor any sufficient excuse for delay rendered. One of the defendant's witnesses had been examined in open court; another lived in Fond du Lac, and might have been. The witness Brand had been fully examined before the commissioner on the point upon which his examination was desired. The re-examination of a witness in chancery rests in the discretion of the court, and though granted under peculiar circumstances, it is against the ordinary practice of the court. 1 *Pet. U. S. Rep.* 168; *Hamersley vs. Lambeth*, 2 *Johns. Ch. R.* 431.

This was an application to the court for favor, the defence usury, and the defendant is not entitled to succeed in his defence, unless he pay, or offer to pay, the money loaned. *Beach vs. Fulton Bank*, 3 *Wend.* 573; 2 *Barb. Ch. R.* 78.

*E. S. Bragg*, for the defendant, appellant.

Cottrell vs. Giltner.

*By the Court,* WHITON, C. J. We do not see any error in the order of the Circuit Court appealed from.

It appears that the case had been referred to a commissioner to take proofs, and that further testimony was heard in open court.

At the time when the court was engaged in hearing the additional testimony, the affidavits were submitted upon which the appellant founded his motion.

The affidavit of Giltner sets forth that the testimony of a witness, which had been taken on the part of the complainant, was untrue; and that this fact could be established by witnesses, whom he named in his affidavit. It further appears that one of the witnesses was produced by the defendant and examined before the court. The affidavit of the solicitor, or counsel for the defendant, stated that he had made inquiries for one of the witnesses named in the affidavit of Giltner, and had endeavored to procure his attendance; that he had been informed and verily believed that he was unwell, and unable to attend as a witness.

Upon these affidavits the motion to extend the time for taking proofs was founded. It is to be observed that in neither of them is there any averment of merits.

The principles which govern appellate courts in disposing of questions of this nature, we suppose, are these: that the order ought not to be reversed, unless there appears to have been an abuse of discretion by the judge who made the order which is the subject of the appeal. In regard to all subjects of this nature, the judge before whom the cause is tried must exercise a sound discretion, and although we might be satisfied that we should have sustained the motion, we should not reverse the order denying it, unless we should be also satisfied that the judge had abused the discretion confided to him.

We see no evidence of any such abuse in the case before us. The bill of complaint was filed to foreclose a mortgage, and the defence set up was usury; time had been given to take testimony, and one of the witnesses, whose testimony was desired by the defendant had already testified before the commissioner.

Cottrell vs. Giltner.

The affidavit of Giltner states that the testimony of one of the witnesses on the part of the complainant was untrue, and that he made his affidavit as soon as he could get it drawn by his counsel, after he heard what the testimony was.

But we are not informed by the affidavit, nor in any other way, how long the testimony had been taken, and had been in the possession of the court at the time when the affidavit was made. It is also worthy of remark, that there is no denial on the part of the counsel for the defendant of knowledge of the testimony of the complainant, which Giltner says in his affidavit is untrue. The counsel for Giltner may have known for a long time prior to the hearing what the testimony of the complainant was, and have had ample time to produce testimony on the part of the defendant to rebut it.

Under these circumstances we cannot say that the judge abused the discretion confided to him by refusing to give the defendant further time to procure testimony.

The order appealed from must therefore be affirmed.

Order affirmed.