January Term,
1861.

FAIRCHILD
v.
DEAN.

---

## FAIRCHILD VS. DEAN.

13  329
o109 120

An order of the circuit court denying a motion to allow a judgment (so called) which had been entered by the clerk of the court, in January, 1855, and docketed, but never *signed* by a judge or court commissioner, to be signed by such judge or commissioner *nunc pro tunc*, is not an appealable order, under chapter 264, General laws of 1860.

APPEAL from the Circuit Court for *Dane* County.

This was an appeal from an order of the circuit court for Dane county.   There were four cases of the same kind, between the same parties.   Judgments were entered by the clerk of that court on the 17th of January, 1855, in favor of *Fairchild* against *Dean*, upon notes and warrants of attorney, and were recorded in the usual form, and docketed, but were not *signed* by the judge or court commissioner.   Declarations

on the notes had been filed, and also the warrants of attorney and the defendant's *cognovit* for the amount of each of the judgments. In May, 1860, the plaintiff moved the court, upon affidavits, for orders to allow the judgments to be signed by a judge or court commissioner, *nunc pro tunc*, which was opposed by the defendant *Dean*, and the circuit judge denied the motion on the ground that the court had no power to order the judgment to be signed *then* as of the 17th of January, 1855. The plaintiff excepted and appealed, in each case, from the order denying the motion.

*Hopkins & Johnson*, for appellant, contended that the order of the circuit court might be reviewed by this court on appeal, because the refusal, by that order, to grant the appellant's motion, was not an exercise of discretion by the circuit judge, but was put upon the ground of a lack of power. As to the power of the circuit court to direct a judgment obtained therein to be signed *nunc pro tunc*, counsel cited *The King vs. Mayor of Grampond*, 7 Term R., 699 ; *Seaman vs. Drake*, 1 Caines, 9 ; *Close vs. Gillespie*, 3 Johns., 526 ; *Mackay vs. Rhinelander*, 1 Johns. C. C., 410 ; Bacon's Abr., Title " Amendment" (F) ; *Puleston vs. Warburton*, 1 Salk., 48 ; *Chichester vs. Cande*, 3 Cow., 39, and authorities cited in the note thereto ; *Williams vs. Wheeler*, 1 Barb. (S. C.), 48.

*Chauncey Abbott*, for respondent, contended that while the circuit court had full power to amend its records for the protection of parties to suits therein from damages in consequence of any accident, omission or misconduct on the part of any of its officers, it could not render a new judgment as of a former day, when no judgment before existed ; and that under the decision of this court in *Remington vs. Cummings*, 5 Wis., 142, the pretended judgment in this case was a mere nullity.

January 8.　　*By the Court*, PAINE, J. We have come to the conclusion that the order from which this appeal was brought, is not appealable. It was made after chap. 264, General Laws of 1860, went into operation. Section 10 prescribes from what orders appeals may be taken, and we cannot discover that it comes within any of its provisions. It is obviously not in

the first class.   If in the second, it must be because it is an order " made upon a summary application in an action, after judgment."   But it is not such an order, because here no judgment has ever been obtained.   The record never having been signed, by the former decision of this court, there was no judgment, either in form or substance.   This, therefore, is not an application after judgment, but is an application before judgment, to make a judgment and give it a retroactive effect.

Neither do we think it comes withing the fourth division, as " an order involving the merits of an action or some part thereof."   The question whether a judgment shall be signed at one time, as of a previous time, clearly does not involve any of the matters in controversy in the suit.   It is claimed only as an exercise of the power of amendment by the court, to avoid the consequences of a mistake, and as such is addressed to its sound discretion, and we have been referred to the case of *Russell vs. Conn*, 20 N. Y., 81, as sustaining the position, that, although this application was addressed to the discretion of the court below, yet inasmuch as the amendment was refused on the ground that the court had no power to grant it, and not in the exercise of its discretion, conceding the power, therefore we should reverse the order. But in that case the appeal was from the judgment, and a motion for a new trial had been made on the ground that the court erred in holding that it had no power to amend. The court of appeals, thinking that it did err, reversed the judgment, which was appealable, and ordered a new trial. But it by no means follows that an appeal could have been sustained from the order refusing the amendment.   On the contrary, the case clearly implies that it could not.   For the court says expressly that the question of allowing the amendment was addressed to the discretion of the court below, and its exercise of that discretion could not be reviewed. Yet if the order denying the amendment is appealable at all, that discretion must be reviewed, for the appeal necessarily presents the application to the appellate court, to be decided upon its merits, just as it was originally presented to the court below.   While conceding the correctness of that de-

January Term,
1861.

cision, we think it shows that if the circuit court refused to exercise a discretion which the law entrusted to it, the remedy would not be by an appeal from the order refusing the application, because such an appeal is repugnant to the idea that the power is discretionary merely. We think, therefore, that if the court below refused the application in the exercise of its discretion, it is not such an order as the statute makes appealable. But we do not of course make this applicable to all questions of amendment. It may be that some applications of that character would "involve the merits," or be "summary applications after judgment." We decide this case upon its peculiar facts.

If the court refused to exercise its discretion upon a matter where it ought to exercise it, the remedy still would not be by an appeal from the order.

For these reasons we think we are not called upon to decide the question discussed upon the argument, but must dismiss the appeal.