Freeman vs. The Engelmann Transportation Company.

FREEMAN VS. THE ENGELMANN TRANSPORTATION COMPANY.

CONTRIBUTORY NEGLIGENCE. (1) *Averment held sufficient.*

APPEAL. (2) *An order striking from the answer an averment of fact not necessarily pleaded to entitle it to be shown in evidence, held not appealable.*

Freeman vs. The Engelmann Transportation Company.

1. In an action under the statute for defendant's negligence in the man-
agement of its steamboat, causing the death of plaintiff's intestate by
drowning, the answer avers that all the passengers on board said boat,
at the time charged in the complaint, were urged by the officers to
take the small boats; that some of them refused to do so, recklessly
staying on the sinking vessel, and were thereby lost; and that plaint-
iff's intestate, if on board and lost, was so lost by his own carelessness
and recklessness in refusing to enter the small boats, and remaining
on board the sinking vessel. *Held*, that these averments state a de-
fense.

2. An averment in the answer that "all the passengers who entered the
small boats were saved, and ultimately reached the land," was stricken
out on plaintiff's motion. *Held*, that as the fact alleged, if true, ap-
pears to be a part of the *res gestæ*, and to bear upon the question of
negligence, so that it will naturally appear in evidence at the trial,
whether pleaded or not, the order does not affect a substantial right,
and is not appealable.

APPEAL from the County Court of *Milwaukee* County.

Action by plaintiff as administratrix of the estate of Henry
Freeman, deceased, to recover damages caused by the alleged
negligence of the defendant in the management of its steam-
boat, the Lac la Belle, by reason of which plaintiff's intestate
was drowned. The answer, among other things, alleged that
the small boats were lowered, and all passengers were invited
into and urged to take them; that some of the passengers re-
fused to go into the small boats, and wantonly and recklessly
stayed upon said steamer when it was evident she must sink;
that all the passengers who entered the small boats were saved,
and ultimately reached the land; and that if plaintiff's intes-
tate was drowned while on said steamer, it was because of his
own carelessness and recklessness in not complying with the
reasonable and proper requests of the officers and crew to come
into the small boat, and in his reckless and wanton determina-
tion to remain on board of a sinking ship.

On motion of the plaintiff, the averments in the answer to
the effect that some of the passengers refused to go into the
small boats, and that all who entered the small boats were

saved and ultimately reached the land, were stricken out. From this order the defendant appealed.

*Finches, Lynde & Miller,* for appellant, argued that the facts stated in the portion of the answer stricken out were relevant and material as tending to disprove the alleged acts of negligence on the part of the defendant, and to establish the charge of negligence against the plaintiff's intestate. 44 Ind., 264; 1 Estee's Pleadings and Forms, 139, 142–9; 2 Wait's Pr., 478 to 485; Holmes & Disb. Pr., 101–8.

*Davis & Flanders,* for respondent, in support of the order, cited *Bank v. Kitching,* 7 Bosw., 664; *Fabbricotti v. Launitz,* 3 Sandf., 743; 2 Wait's Pr., 478 to 480.

RYAN, C. J.  The answer of the appellant does not admit that the respondent's intestate was on board of the lost steamboat; but admits that, if on board, he was lost.  It avers that all the passengers on board were urged by the officers to take the small boats; and that some of them refused to do so, recklessly staying on the sinking vessel, and being thereby lost. And it avers that the intestate, if on board and lost, was so lost by his own carelessness and recklessness in refusing to enter the small boats, and remaining on board the sinking vessel.

If these averments be true, the intestate's own gross and proximate negligence contributed directly to his death, and the respondent cannot recover.  *Potter v. C. & N. W. R'y Co.,* 21 Wis., 372; *Cunningham v. Lyness,* 22 id., 245.

If "all the passengers who entered the small boats were saved and ultimately reached the land," the fact must probably appear by the first witness called by the respondent to prove her case.  It appears to be part of the *res gestæ,* inseparable from the calamity, probably bears on the question of negligence, and ought not to be excluded on the trial, if it could be.  It therefore seems to me immaterial to either side whether it be pleaded or not.  The order striking the averment from the answer, therefore, affects no substantial right, and in no degree involves

the merits of the action, and is not appealable.  And the appeal must be dismissed.  *Orton v. Noonan*, 30 Wis., 609.

*By the Court.*—Appeal dismissed.