LUSK vs. GALLOWAY, Garnishee, etc.

*March 30 — April 19, 1881.*

GARNISHMENT: PLEADING. *Power of court over garnishee's answer before issue joined.*

Under sec. 2766, R. S. (which provides that the proceeding against a garnishee shall be deemed an action by the plaintiff against the garnishee and the original defendant, and that all the provisions of law relating to proceedings in civil actions at issue shall be applicable thereto), the court, even before issue joined on the garnishee's answer, may require him to make it more definite and certain by giving a copy of the contract set up in such answer as the basis of his claim to hold the property in dispute belonging to the original defendant; and such an order is *not appealable.*

APPEAL from the Circuit Court for *Fond du Lac* County. The case is thus stated by Mr. Chief Justice COLE:

"This is an appeal from an order requiring the garnishee to make her answer more definite and certain by setting forth a copy of a contract under which she claims to hold the property of the defendant in the action. The garnishee stated in substance, in her affidavit or answer, that she held certain real and personal property of the defendant under a contract made about February 14, 1879, wherein she agreed to advance money to be used by the defendant in conducting its business, in sums as called for, not to exceed at any time $120,000, upon securi-

ties which were to be furnished by the defendant sufficient to secure the repayment of all such advances. The garnishee claimed the right to hold all the property specified under that contract to secure the indebtedness of the defendant to her. The garnishee was ordered to set forth a copy of that contract, and from that order the appeal is taken."

For the appellant there were briefs by *Shepard & Shepard*, and oral argument by *T. R. Shepard:*

1. The circuit court had no authority to compel amendment of the garnishee's answer for uncertainty. There is no statutory provision for the practice. Garnishment is a proceeding *sui generis* and out of the course of the common law. *Steen v. Norton*, 45 Wis., 412. It is a harsh, inquisitorial, somewhat summary method of solving the single question, Has the garnishee any of defendant's assets liable for his debts? The legislature did not intend in this proceeding to carry out the system of pleading, with its technical niceties. And the ordinary rules of pleading can be applied, therefore, only when authority is expressly given. No such power has been conferred as was exercised in this case. Sec. 2766, R. S., purports to extend the usual practice in civil actions only over garnishment actions already at issue, that is after issue has been joined by the plaintiff as directed in sec. 2763. 2. It does not appear that there is any written contract. Nowhere in the answer is the contract referred to as in writing. It is not necessary to plead a contract as verbal or written, but only to aver the making of a lawful contract, even when it comes within the statute of frauds. *Robbins v. Deverill*, 20 Wis., 142. If the garnishee has pleaded a valid contract, no more can be asked. The plaintiff is not entitled to demand the evidence thereof, until the trial. If, on the other hand, she has not pleaded any lawful contract, the plaintiff should, on his theory of the procedure, have demurred or moved for judgment. 3. There is no uncertainty or indefiniteness in the answer. It shows clearly the relative rights of the parties. The contract is

pleaded according to its legal effect. This is good pleading. 1 Chitty on Pl. (5th Am. ed.), 266; *Armstrong v. Baldwin*, 3 S. C. (N. Y.), 443. To have pleaded anything more would have been to set up the evidence. 4. The order is appealable. Pleadings stand on a par as to motions and orders to correct either redundancy and irrelevancy or indefiniteness and uncertainty, and there is no distinction as to the appealability of such orders. If a motion to correct irrelevancy be denied, the order is not appealable, whether the pleading is irrelevant or not. *Franke v. Nunnenmacher*, 23 Wis., 297; *Kewaunee Co. v. Decker*, 28 id., 669. So if the pleading is irrelevant, and the motion is granted, the order is not appealable. *Noonan v. Orton*, 30 Wis., 609. But where the pleading is not irrelevant and the motion is granted, the order may be appealed from. *Kewaunee Co. v. Decker, supra.* By analogy, if the pleading is indefinite or uncertain and the motion to correct is granted, the order is not appealable; but if, as in this case, it is not indefinite or uncertain, the order may be appealed from. This court must therefore consider the order upon its merits, and can dismiss the appeal only after deciding that the answer is uncertain.

For the respondent there was a brief by *Spence & Hiner*, and oral argument by *Mr. Spence:*

1. The order was not appealable. R. S., sec. 3069; *Geiss v. Loew*, 4 J. & Sp., 190. It cannot affect a substantial right of a party to compel him to set out *verbatim* a contract on which he relies in the action. If it should make the pleading redundant, it would still not be appealable. An order refusing to strike out redundant matter has been held not appealable. *Kewaunee Co. v. Decker*, 28 Wis., 669; *Noonan v. Orton*, 30 id., 609; *Fillette v. Herman*, 8 Abb. Pr. (N. S.), 193 (note); *Dabney v. Greeley*, 12 id., 191. See *Rahn v. Gunnison*, 12 Wis., 528. 2. This order was the proper remedy for the omission to set forth the contract by copy. *Bishop v. Aldrich*, 48 Wis., 619. It was discretionary, and the discretion was not

abused even though the contract was stated with sufficient fullness, since no injury could result from the order. See *Jones v. Walker*, 22 Wis., 220. 3. The statute authorizes the order. R. S., sec. 2760. It was intended that the answer of the garnishee should make a full, complete and open exhibit of his business relations with the defendant, and should take the place of the examination before a commissioner, which, under the old practice (R. S. 1858, ch. 130, sec. 49), constituted the garnishee's answer.

COLE, C. J. It is objected at the outset by plaintiff's counsel, that this order is not appealable. We think the point well taken. If the order is appealable, it must be because it "involves the merits of the action, or some part thereof," within the meaning of subd. 4, sec. 3069, R. S. Notwithstanding the ingenious argument of the garnishee's counsel on this point, we fail to perceive how this order can involve in any way the merits of the action. What is the subject matter of this action? It is, whether, at the time of the service of the summons, the garnishee was indebted to or had any property whatever in her possession or under her control belonging to the defendant, which should be applied to the payment of its debts. The garnishee admits that she is in possession of property, both real and personal, of the defendant, which she claims she has the right to retain and hold by virtue of a certain contract. The order simply requires her to set forth or give a copy of that contract, to the end that the court may determine from the instrument itself, as well as other evidence, the question of her liability or indebtedness to the defendant. It is the plain duty of the garnishee to make full and fair disclosures of all facts and circumstances concerning the property which she holds belonging to the debtor. If the answer was evasive, or not sufficiently clear and specific in any respect, it seems to us it is entirely competent for the court, in its discretion, to require the garnishee to make it

more definite and certain. And surely, where the garnishee relies upon a contract as the basis of her right to hold a large amount of property, there is no hardship in requiring her to give a copy, so as to afford the court and opposite party an opportunity of inspection. Such an order does not involve the merits of the action, in any proper sense of those terms. It is quite the same as it would be to require the garnishee to answer fully as to all facts within her knowledge about the property, when being examined on the trial of an issue made on the answer.

It is said by the garnishee's counsel that the court had no authority to compel an amendment of a garnishee's answer for uncertainty. We are unable to concur in that view of the law. The action is, doubtless, *sui generis*, and is founded on the statute. But the statute expressly provides that the proceeding against the garnishee shall be deemed an action by the plaintiff against the garnishee and defendant as parties defendant, and all the provisions of law relating to proceedings in civil actions at issue shall be applicable thereto. Section 2766. Counsel insists that this provision could not apply to this proceeding until an issue was joined on the answer. But we see no good reason for thus restricting the section; and we think it was clearly within the power of the circuit court to require the garnishee to give a copy of the contract under which she claimed the right to hold all the property of the defendant, and that such an order is not appealable. It is analogous to an order under the old practice requiring a defendant in a chancery suit to make further discovery in his answer. Orders of this character must, from necessity, rest largely in the discretion of the trial court; and there is no ground for claiming that there was any abuse of discretion in this case.

The appeal must therefore be dismissed.

*By the Court.* — So ordered.