SPENSLEY vs. JANESVILLE COTTON MANUFACTURING COMPANY and others, imp.

*February 12 — March 3, 1885.*

*Pleading: Partition of water power: Allegations of title: Redundancy: Motion to make definite: Appealable order.*

1. In a complaint for the partition, etc., of water power, it is sufficient to aver generally that the several parties have certain interests therein, and the nature of such interests, without setting forth the history and evidences of their respective titles.
2. It is not error to deny a motion to make more definite and certain allegations in a complaint which are unnecessary and redundant.
3. An order denying a motion to make a complaint more definite and certain is appealable.

APPEAL from the Circuit Court for *Rock* County.

Action for a determination of the rights of all parties having or claiming an interest in a certain water power, and for a partition thereof. The complaint sets out the interest and title of the plaintiff and of each defendant. Five of the defendants joined in a motion to strike out certain portions of the complaint and to make other portions thereof more definite and certain. The motion was denied and from so much of the order as denied the motion to make the complaint more definite the defendants who joined in the motion appealed. A further statement of the facts, sufficient for an understanding of the questions determined, will be found in the opinion.

*Wm. Ruger*, for the appellants.

*A. A. Jackson*, for the respondent.

ORTON, J.   The complaint is for the partition of a certain water power, and for the determination of disagreements between the owners thereof, under ch. 134, R. S., as amended by ch. 203, Laws of 1881.   The motion of the defendants was to strike out, as immaterial and irrelevant, certain parts of the complaint, or to make them more definite and certain; and to strike out other parts as immaterial and irrelevant; and to make other parts more definite and certain; and to strike out another part as sham and immaterial.   Parts of a complaint may be stricken out as irrelevant, redundant, or scandalous (sec. 2683, R. S.), but not as *sham* or *immaterial;* and a complaint may be made more definite and certain when the precise nature of the charge is not apparent. Those parts of the complaint pointed out in the motion as objectionable, are such as undertake to set out the chain and history of not only the plaintiff's title to a certain portion of the water power, but also the chain and history of the several titles and interests of the defendants therein.   The complaint may be *redundant* in this respect, but it is certainly not "irrelevant or scandalous" matter.   It is wholly unnecessary and superfluous to set out all the evidence of the various titles to the water power.   In partition suits it is sufficient to aver in general terms that each tenant named is seized of his part thereof by descent or purchase.   2 Barb. Ch. Pr. 290; 3 id. 704.   This was under the old practice, in which greater exuberancy of statement seems to have been allowed, perhaps because the costs were rated by the folio. But, under the Code, a *concise* statement is sufficient.   Sec. 2646, R. S.; *Noble v. Cromwell,* 27 How. Pr. 289.

The proceeding itself shows that a particular statement of the various titles is unnecessary and redundant.   To take issue upon such statement, made by the plaintiff or petitioner, might not meet the whole controversy; for each defendant alleged to have an interest in the water power ought to be left free to contest the right of the plaintiff, or of any

other defendant, and to insist upon his own right adversely to it. To partition the power among the several owners, implies the determination of the question as to who are such owners. The general averment that certain persons have a certain interest in the water power, and the nature of such interest, and the making of such persons parties to the suit, accomplish the purpose fully, without averring the evidence of their title. *Bradshaw v. Callaghan*, 8 Johns. 558; Story's Eq. Pl. § 255; 1 Barb. Ch. Pr. 40; *Pipes v. Hobbs*, 83 Ind. 43. The proposition is self-evident, and any extended reference to authority by decisions is unnecessary. The complaint is clearly not objectionable in the respects named, and to make *redundancy* more definite and certain would but increase the *redundancy*.

The motion combines two causes, and rests upon two distinct grounds, each of which is the proper subject of a motion to strike out, and make the complaint more definite and certain; and so it was entertained and decided; but the appeal was from that part of the order in respect to the latter clause. The appealability of the order is therefore unquestionable.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.

CASSODAY, J., took no part.