McCarville vs. Boyle.

McCARVILLE, Respondent, vs. BOYLE, Appellant.

*February 11 — March 5, 1895.*

*Breach of promise: Marriage of defendant to another: Pleading: Making definite and certain: Appealable order.*

1. In an action for breach of promise of marriage an allegation in the complaint that since the promise defendant had married another was unnecessary, and a motion to make it more definite and certain was properly denied.
2. An appeal from a discretionary order will be dismissed if there was no abuse of discretion.

APPEAL from an order of the circuit court for La Fayette county: GEO. CLEMENTSON, Circuit Judge. *Dismissed.*

McCarville vs. Boyle.

This is an action for breach of marriage promise. The complaint contains a statement of the promise and its breach by refusal to marry, upon request, within a reasonable time, and also this allegation: "That since said promise of the defendant to marry the plaintiff he has become married to another woman, contrary to his said promise made to the plaintiff." The defendant moved for an order requiring this allegation to be made more certain "by stating whether the said marriage therein referred to occurred before or after the commencement of this action." From an order denying this motion the defendant appeals.

For the appellant there was a brief by *Spensley & McIlhon* and *Conley & Conley,* and oral argument by *Calvert Spensley.*

For the respondent there was a brief by *Wilson & Martin,* and oral argument by *H. C. Martin.*

NEWMAN, J. There are two insuperable reasons why the order appealed from cannot be reversed on this appeal. (1) The order is right; (2) it is not appealable.

1. Sec. 2683, R. S., provides: "When the allegations of the pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the court or presiding judge may require the pleading to be made definite and certain by amendment." The "precise nature of the charge" is conspicuously apparent by the allegations of the complaint in this action. It clearly alleges both the promise and its breach. That comprises all the issuable facts in the case. The marriage of the defendant is no part of the plaintiff's cause of action. Whether pleaded or not pleaded, it could be evidence only of the breach of the contract. Only issuable facts should be pleaded. It is not permissible to plead facts which are merely evidential. No amendment could make the precise nature of the charge more clearly apparent than it already is. It is not error to deny a mo-

tion to make more definite and certain allegations in a complaint which are unnecessary or redundant. *Spensley v. Janesville C. M. Co.* 62 Wis. 549; *Freeman v. Engelmann Transp. Co.* 36 Wis. 571.

2. This is one of that class of orders usually denominated "discretionary orders." The appealability of such orders depends upon the abuse of discretion. If there is no abuse of discretion there is no appeal. The rule in such cases is not to affirm the order, but to dismiss the appeal. *Jones v. Walker*, 22 Wis. 220; *Noonan v. Orton*, 30 Wis. 609; *Crerar v. M. & St. P. R. Co.* 35 Wis. 67; *Freeman v. Engelmann Transp. Co.* 36 Wis. 571; *Lusk v. Galloway*, 52 Wis. 164. This rule seems to have been overlooked in *Spensley v. Janesville C. M. Co.* 62 Wis. 549.

*By the Court.*— The appeal is dismissed.