McElroy and another vs. The Minnesota Percheron Horse Co.

McELROY and another, Respondents, vs. THE MINNESOTA PERCHERON HORSE COMPANY, Appellant.

*January 15 — February 1, 1901.*

*Appealable orders: Abuse of discretion: Jurisdiction: Duplicity in appeal.*

1. On an appeal to this court from an order made upon a summary application after judgment, the only complaint being that the lower court abused its discretion, the jurisdiction of this court depends upon whether there was such abuse. The proper practice is to reverse the order appealed from if it is found to be the result of an abuse of judicial discretion; otherwise, to dismiss the appeal.

2. If a case be made to obtain the favor of the court, and all the material statements relied upon to secure such favor be denied under oath, or explained, or the effect thereof displaced by other sworn statements, this court cannot say that a refusal to grant such favor was an abuse of judicial discretion.

McElroy and another vs. The Minnesota Percheron Horse Co.

3. Sec. 3049, Stats. 1898, which allows a single appeal to embrace both an appealable order and the judgment in the action, is not limited to cases in which the two can be disposed of together in this court.
    [Syllabus by Marshall, J.]

Appeal from an order and a judgment of the circuit court for Winnebago county: George W. Burnell, Circuit Judge. *Appeal from order dismissed; judgment affirmed.*

Appeal from an order refusing to extend the time for settling a bill of exceptions, and from a judgment in the action. The judgment was perfected June 21, 1898. On the same day notice of the entry of such judgment was served on defendant's attorneys. On June 9, 1900, a motion was made on the part of defendant to settle a bill of exceptions, and on June 13th thereafter such motion was finally determined. Two years had then run from the time the judgment was entered, but not from the time it was perfected by the insertion of the taxed costs therein. On June 15th, after the denial of the motion, an appeal from the order denying the same, and from the judgment, was taken to this court, the appeals being united. On the hearing of the motion it was supported by several affidavits and opposed by several. Those in support of the motion showed a good ground for granting it, and those in opposition thereto denied or explained the statements in the moving papers indicating such ground. Respondents moved this court to dismiss the appeal because the order was discretionary and the appeal double.

For the appellant the cause was submitted on a brief by *Felker, Stewart & Felker*, attorneys, and *A. E. Thompson*, of counsel, and a separate brief on the motion to dismiss by *Thompsons, Hollister & Pinkerton*.

For the respondents there was a brief by *Barbers & Beglinger*, and oral argument by *Fred. Beglinger*. They argued, among other things, that although sec. 3049, Stats. 1898, permits the joinder of an appeal from a judgment with an

McElroy and another vs. The Minnesota Percheron Horse Co.

appeal from an appealable order, this should be held to apply only when the two can be disposed of together, either because error in one will have the effect of reversing both, or when the errors in both appear at the same time in the record. On this appeal that is not the case. Even though the order is reversed, that of itself will not affect the judgment. The record would first have to be returned to the circuit court, proceedings there had for the settlement of a bill of exceptions, and the record again returned to this court. As the record now stands it is admitted that the judgment is free from error.

MARSHALL, J. Where the only objection to an appeal from an order is that it was within the discretionary power of the trial court to grant or refuse it, and the order is one of a class of orders appealable by statute, this court must examine the record to see whether there was an abuse of discretion or not; and except in case of an order granting, refusing, or modifying an injunction, if no such abuse be discovered, the appeal must be dismissed. In short, in such a case jurisdiction of this court to entertain the appeal for the purpose of the entry of an order in the cause, depends upon whether the order appealed from was the result of an abuse of judicial discretion.

The idea that the court may obtain jurisdiction for the purpose of determining whether the lower court exceeded its power in a discretionary matter and give the proper relief if such abuse be discovered, or lose such jurisdiction if there be no such discovery, so as to be powerless in that event to affirm the order appealed from, is not easy of satisfactory explanation. The rule in that regard, however, has been too long established to be now open to question. *Wood v. Blythe*, 42 Wis. 300, upon which respondents rely, is in harmony with such rule. The order there was held not appealable because there was no abuse of discretion. In

*Jones v. Walker*, 22 Wis. 220, the following language on the subject was used: "It is familiar, that orders resting in the discretion of the court below to make or refuse, are not reviewable by appeal. But it is further held that when, in such cases, the court abuses its discretion, its action will be reviewed. And this is not inconsistent with the former proposition; because, when the court abuses its discretion, it goes beyond any discretionary powers that were intrusted to it, and it cannot be said that the order was within its discretion." The quoted language, in view of the statutes as they now stand, must be limited to such orders as are mentioned in the first paragraph. To the same effect are: *Crerar v. M. & St. P. R. Co.* 35 Wis. 67; *Lusk v. Galloway*, 52 Wis. 164; *McCarville v. Boyle*, 89 Wis. 651; *Adamson v. Raymer*, 94 Wis. 243, 250; *O'Connell v. Smith*, 101 Wis. 68. The appeal was entertained in *Spensley v. Janesville C. M. Co.* 62 Wis. 549, and upon reaching the conclusion that there was no abuse of discretion in making the order the court affirmed it. Attention was called to that departure from the settled practice, in *McCarville v. Boyle, supra.* There was a like departure very recently in *Schluckebier v. Babcock*, 104 Wis. 293. There were like departures much earlier than *Spensley v. Janesville C. M. Co.* See *Kennedy v. Waugh*, 23 Wis. 468; *Landon v. Burke*, 33 Wis. 452. There are probably other cases of the kind, but evidently there was no intention in either instance to change the practice. In neither was the correct practice a subject for discussion or decision; while in a number of the cases cited, where it was held that the court only obtains jurisdiction on an appeal from a discretionary order for the purpose of determining whether there was an abuse of judicial discretion and must dismiss the appeal if no such abuse be discovered, the practice question was fully considered and decided.

It is a matter of very little practical importance, however, to the parties to an appeal, which method is adopted

in disposing of it under the circumstances discussed, since the result as to costs against the losing party, and as to subsequent proceedings, is the same whether the appeal be dismissed because the order was so clearly right as not to be open to review, or it be formally affirmed on that ground. *Noonan v. Orton*, 30 Wis. 609. However, harmony with the rule early established, and which the court has evidently intended to follow at all times, requires us to hold that, as regards a discretionary order, "appealability depends on abuse of discretion: if there be such abuse the order is appealable," and the order should be affirmed; "but if there be no abuse, then it is not appealable and the appeal should be dismissed."

We are not unmindful of the fact that in *Fairchild v. Dean*, 13 Wis. 329, it was said that the remedy is not by appeal where the court abuses its discretionary power; but, as we have seen, that case has never been followed. The contrary is well established here, where the order belongs to any of the classes of appealable orders, which this does, being an order entered on a summary application after judgment, within subd. 2, sec. 3069, Stats. 1898.

We have not overlooked the point made by appellant's counsel, that the order before us was grounded on an error of law as to the time when the right of appeal from the judgment ended, and not on the exercise of judgment as to whether justice required the favor asked. It is conceded that there is nothing in the record upon which the contention can be considered. The order indicates that it was the judicial conclusion reached upon a strong case made by appellant excusing its neglect to seasonably settle the bill of exceptions, and a case made by respondents showing that the statements relied upon as such excuse were false in part and otherwise were not entitled to be considered sufficient. We cannot go outside of the order and the papers therein referred to, upon which it was made. We are unable to dis-

McElroy and another vs. The Minnesota Percheron Horse Co.

cover any abuse of judicial discretion in the determination complained of. We shall not incumber this opinion by stating the leading allegations of the various affidavits that support that conclusion. It is sufficient to say that all the sworn statements made in support of the motion upon which the order was grounded were, under oath, denied on the other side, or explained or neutralized by other statements. The best that can be said in appellant's behalf is that, looking at the moving papers alone, a good case was made for the favor asked, but that an equally good case was made by the opposing affidavits for denying such favor. In that situation it would be highly improper to disturb the decision of the trial court.

It is further contended that there is duplicity in the appeal. That cannot be sustained. The statute (sec. 3049, Stats. 1898) allows an appeal from an order to be coupled with an appeal from the judgment in the action when the order by itself is appealable. There is no ambiguity in the language granting the right. The words are plain. They do not admit of any exception to their obvious meaning, suggested by respondents' counsel, or any other that we are now aware of. It follows that, if we were to hold that the order was appealable because of an abuse of judicial discretion, the appeal from the judgment could not be dismissed.

No error is assigned, going to the justice of the judgment on the record as it now stands. It is admitted that, without a bill of exceptions, no error exists that can work a reversal of it. Therefore the appeal as to the order must be dismissed, and the judgment appealed from must be affirmed.

*By the Court.*— So ordered. It is further ordered that the appeal must be considered as single for the purpose of taxing costs.