Sly, Respondent, vs. VILLAGE OF KILBOURN CITY, Appellant.

*November 17—December 6, 1910.*

*Bill of exceptions: Service: Extension of time: Appealable order: Discretion: Terms.*

1. The time limited in sec. 2876, Stats. (1898), for service of a proposed bill of exceptions may, after its expiration, be extended by the circuit court in discretion and upon conditions.
2. An order so extending such time is within subd. 2, sec. 3069, Stats. (1898), and appealable if there is an abuse of discretion. Language used in *Hatch v. Kurtzweil,* 112 Wis. 231, and *Wood v. Blythe,* 42 Wis. 300, corrected and restrained.
3. As a condition of granting such order the circuit court may require the moving party to stipulate that the cause be placed on the calendar for the next term of the supreme court and to perfect the appeal within ten days, in default of which the motion should be considered denied.
4. There was no abuse of discretion in annexing such a condition to the order, where the moving party had ample time and means to comply with its terms.

APPEAL from an order of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Dismissed.*

For the appellant there was a brief by *James F. Dougherty* and *Edward H. Ryan,* and oral argument by *Mr. Ryan.* Among other references they cited *Cleveland v. Hopkins,* 55 Wis. 387, 13 N. W. 225; *Johnson v. Eldred,* 13 Wis. 482; *Jones v. Walker,* 22 Wis. 220; *Smith v. Barron Co.* 44 Wis.

686; *Union Nat. Bank v. Benjamin,* 61 Wis. 512, 21 N. W.
523; *Butler v. Mitchell,* 17 Wis. 52; *Behl v. Schuelte,* 95
Wis. 441, 70 N. W. 559; *Morgan v. Bishop,* 61 Wis. 407, 21
N. W. 263.

For the respondent there was a brief by *N. E. Van Dyke,*
attorney, and *Grotophorst, Evans & Thomas,* of counsel, and
oral argument by *E. A. Evans.* They cited, besides other
cases, *Tenney v. Madison,* 99 Wis. 539, 75 N. W. 979; *Glover
v. Wells & M. G. Co.* 93 Wis. 13, 66 N. W. 799; *Central
Nat. Bank v. Brand,* 100 Wis. 648, 76 N. W. 608.

TIMLIN, J.    The sixty days within which a proposed bill
of exceptions should be served (sec. 2876, Stats. 1898) having
expired, the appellant applied to the circuit court for an order
extending the time.    The court on July 25, 1910, granted the
motion, but upon condition that "the defendant stipulate that
the cause be placed upon the August, 1910, term of the su-
preme court for the state of Wisconsin upon motion as by the
supreme court rules provided, and that they will, within ten
days from the service of this order, perfect their said appeal."
There was also a provision to carry those conditions into effect
and an imposition of ten dollars costs.    This appeal is from
that part of the order imposing conditions.

Sec. 2831, Stats. (1898), gives the circuit court power,
"on motion and good cause shown, in discretion and upon such
terms as may be just, [to] allow any such proceeding to be
taken after the time limited by or in pursuance of the stat-
ute."    Respondent first contends that the order is not appeal-
able.    Subd. 2 of sec. 3069, Stats. (1898), authorizes an
appeal from a "final order affecting a substantial right
made . . . upon a summary application in an action after
judgment."    There is no question but that this was a final
order made upon a summary application in an action after
judgment.    But it is contended that the order does not affect
a substantial right and therefore is not appealable.

It has long been a rule of practice in this court that upon appeal from discretionary orders, if the discretion of the court below has been abused, the order will be reversed, but if it is found that the discretion has not been abused the appeal will be dismissed.  *McCarville v. Boyle,* 89 Wis. 651, 62 N. W. 517; *McElroy v. Minnesota P. H. Co.* 109 Wis. 116, 85 N. W. 119; *Lessig v. Lessig,* 136 Wis. 403, 117 N. W. 792.  In the interest of uniformity this rule should be applied to an appeal of the kind in question here, and in that sense the order is appealable.  *Ray v. Hixon,* 90 Wis. 39, 62 N. W. 922; *Evans v. St. Paul F. & M. Ins. Co.* 54 Wis. 522, 11 N. W. 556; *McElroy v. Minnesota P. H. Co., supra.*  The language used in *Hatch v. Kurtzweil,* 112 Wis. 231, 87 N. W. 1082, and *Wood v. Blythe,* 42 Wis. 300, stating generally that orders of this kind are not appealable, is too broad and should be restrained.

The conditions annexed by the court below to the order in this case were within the power of that court and not unduly onerous.  The appellant at the date of the order had the official stenographer's transcript of the testimony.  The additional labor required for compilation of the bill of exceptions was not great.  The appellant had ample means and could have complied with the terms imposed, and its refusal to do so was without reasonable or just excuse.  We find no abuse of discretion in annexing the condition complained of to the order in question, and therefore dismiss the appeal.

*By the Court.*—Appeal dismissed.