## HARTWIG, Respondent, vs. HARVEY, Appellant.

*April 10—May 13, 1947.*

*Louis R. Potter* of Milwaukee, for the appellant.

For the respondent there was a brief by *Bender, Trump & McIntyre,* attorneys, and *John K. McIntyre* of counsel, all of Milwaukee, and oral argument by *Mr. McIntyre.*

Rosenberry, C. J.    Whether the appellant should be made a party defendant to the action was a matter which rested in the sound discretion of the trial court.    *Wait v. Pierce* (1926), 191 Wis. 202, 209 N. W. 475, 210 N. W. 822.    It has long been held that while an appeal may be taken from a discretionary order, the matter will be reviewed solely to determine whether there was an abuse of discretion.    If it is found

that there was no abuse of discretion, the appeal will be dismissed. If there was an abuse of discretion, the order will be reversed. *Jones v. Walker* (1867), 22 Wis. *220; *McCarville v. Boyle* (1895), 89 Wis. 651, 62 N. W. 517; *McElroy v. Minnesota Percheron Horse Co.* (1901) 109 Wis. 116, 85 N. W. 119.

From time to time the court has called attention to the fact that the situation is anomalous, in that upon an appeal from a discretionary order the court takes jursidiction to determine whether there was an abuse of discretion and for that reason it is illogical to say that the order is not appealable. However, this is a practice which has been followed for a great many years and will be adhered to. *McElroy v. Minnesota Percheron Horse Co., supra; Sly v. Kilbourn City* (1910), 144 Wis. 203, 128 N. W. 872.

However, there is a class of cases in which the rule does not apply. If a special proceeding is instituted by one who is not a party to an action as in this case, an appeal will lie from the order denying the application and the matter will be determined upon the merits. Where the application is denied, such an order is appealable under sec. 274.33 (2), Stats., being a final order in a special proceeding affecting a substantial right. *State v. Wisconsin Telephone Co.* (1908) 134 Wis. 335, 113 N. W. 944; *National Distilling Co. v. Seidel* (1899), 103 Wis. 489, 79 N. W. 744; *Ellis v. Southwestern Land Co.* (1896) 94 Wis. 531, 69 N. W. 363; *Jones v. United States F. & G. Co.* (1932) 210 Wis. 6, 245 N. W. 650.

If the special proceeding is instituted by a party to an action, the order is not appealable. See *Jones v. United States F. & G. Co., supra.*

The trial court in this case did not abuse its discretion and for that reason the order must be affirmed.

*By the Court.*—Order affirmed.