STOBBE, Plaintiff and Respondent, vs. ATKINSON and others, Defendants: DONALDSON OLDSMOBILE COMPANY, INC., Defendant and Appellant.

*April 10—May 6, 1958.*

For the appellant there was a brief by *Lowry & Hunter,* and oral argument by *Willis J. Zick,* all of Waukesha.

For the respondent there was a brief and oral argument by *William P. McGovern* of Milwaukee.

WINGERT, J.   We consider that the trial court was right in holding that the subject matter of plaintiff's complaint against Donaldson Oldsmobile Company is not *res adjudicata* by virtue of the proceedings in the civil court.

The matter came before the civil court in the course of the replevin action, on a motion by Stobbe to interplead Donaldson. Had such interpleader been granted, Stobbe would then have been in position to file and serve a cross complaint against Donaldson Oldsmobile Company, asserting her claims arising out of the transaction by which she purchased the automobile. *Elder v. Sage,* 257 Wis. 214, 222, 42 N. W. (2d) 919.  Sec. 263.15 (1), Stats. 1955, then in effect, authorized demand for relief by cross complaint, and service of such cross complaint, upon a person not a party "upon his being brought in."

In the replevin action, Stobbe accompanied her motion for interpleader with a copy of a proposed cross complaint. That may have been a convenience to all concerned, but the cross complaint could have no standing as a pleading in the action unless and until Donaldson was brought in as a party. Interpleader was governed by secs. 260.19 and 260.20, Stats. 1955, which then made no provision for filing or service of pleadings against a party sought to be interpleaded, before the interpleader was actually ordered.[1]

Thus the only matter before the civil court when the motion for interpleader came on to be heard, was whether that motion should be granted and Donaldson made a party to the replevin action.  The civil court, after listening to statements of counsel and examining "the pleadings therein" (the

[1] Sec. 260.19 (4), created by court rule effective September 1, 1956, now provides for service of a proposed cross complaint with the motion papers.

proposed cross complaint was not then a pleading in the action), and "various certified copies of documents used in connection with said sale," denied the motion to interplead. Therefore Donaldson never became a party to the action and no claim was ever made against it in that action which the civil court could adjudicate.

Stress is laid by appellant upon the allegation that the civil court's order not only denied interpleader, but dismissed the proposed cross complaint on its merits. That portion of the order of the civil court must be treated as surplusage. The court had no authority to adjudicate claims against Donaldson Oldsmobile Company in an action in which that company was not a party, nor to dismiss on the merits a pleading which was merely a proposed pleading, to be effective only if and when the person pleaded against should be made a party to the action. Since the civil court's purported adjudication of the merits of Stobbe's claim against Donaldson was made in an action to which the company was not a party, and with respect to a pleading which had no standing in the action, the subject matter is not *res adjudicata.* Cf., *Nehring v. Niemerowicz,* 226 Wis. 285, 290–292, 276 N. W. 325.

Appellant argues, citing our decision in *R. B. General Trucking v. Auto Parts & Service,* 3 Wis. (2d) 91, 87 N. W. (2d) 863, that Donaldson's appearance in the civil court in response to the order to show cause was a general appearance, and that therefore the civil court had jurisdiction over the persons of both Stobbe and Donaldson; that the civil court had jurisdiction of the subject matter of the cross complaint (a demand for money damages for fraud and negligence); and that therefore the purported dismissal of the proposed cross complaint on the merits was only erroneous, not void, and since it was not appealed from it stands as a final adjudication precluding consideration of the merits in the present action.

We do not consider that *R. B. General Trucking, supra,* goes that far. In that case a corporation sought the equitable aid of the circuit court to restrain enforcement of a civil court judgment. The judgment had originally been rendered against an individual, but in a subsequent proceeding in which the corporation appeared generally, the circuit court had amended the judgment to name the corporation as a judgment debtor, though no pleading against it had been served or filed. The circuit court declined to grant relief from the judgment. We held that such denial of equitable relief was proper, since the corporation had a remedy by appeal from the civil court order which it had not exercised. No question of *res adjudicata* was involved. In *R. B.,* the corporation was before the circuit court on the merits of the claim made against it; here Donaldson appeared only on the question of interpleader, and when that was denied the merits were not before the civil court for adjudication.

The order denying interpleader was not appealable. *Jones v. United States F. & G. Co.* 210 Wis. 6, 8, 245 N. W. 650; *Hartwig v. Harvey,* 250 Wis. 478, 480, 27 N. W. (2d) 363. If Stobbe had tried to appeal from it she would have been met with that proposition, and it is doubtful, for the reasons above set forth, that this court would have entertained an appeal from that part of the order purporting to dismiss the proposed cross complaint.

*By the Court.*—Order affirmed.

HALLOWS, J., took no part.
CURRIE, J., dissents.