STATE, Respondent, v. McDONALD LUMBER COMPANY, INC., Appellant.

*January 5—January 12, 1960.*

For the appellant there was a brief by *Evrard, Evrard, Duffy, Holman & Faulds* of Green Bay, and oral argument by *James R. Faulds.*

For the respondent the cause was argued by *Albert O. Harriman,* assistant attorney general, with whom on the brief were *John W. Reynolds,* attorney general, and *Roy G. Tulane,* assistant attorney general.

PER CURIAM. An order denying the application of one not a party to an action to be permitted to intervene in the action is an appealable order. *Hartwig v. Harvey* (1947), 250 Wis. 478, 27 N. W. (2d) 363, 15 A. L. R. (2d) 333. This is because the application to intervene constitutes a special proceeding, and the order denying the same is a final order affecting a substantial right. Sec. 274.33 (2), Stats., specifically makes such an order appealable.

On the other hand, an order denying an application by one who is already a party to an action to implead some third party is not appealable. *Stobbe v. Atkinson* (1958), 4 Wis. (2d) 178, 183, 90 N. W. (2d) 118, and *Jones v. United States F. & G. Co.* (1932), 210 Wis. 6, 245 N. W. 650. As pointed out in the last-cited case, the remedy of the aggrieved movant is to appeal from the judgment thereafter entered, thus securing a review of any intervening order which affects the judgment. This court also stated in its opinion in the *Jones Case* (p. 8):

"Whether such an order is appealable does not depend upon whether a party whom it is sought to have brought into the action is a proper or necessary party. It depends upon whether the denial of the motion determines the action or prevents a judgment from which an appeal might be taken."

The foregoing authorities make it clear that the instant order before us is not an appealable order under the provisions of sec. 274.33, Stats.

The brief of the appellant contends that the appealability of the order is to be determined on the basis of whether or not there was an abuse of discretion on the part of the trial court. To substantiate such contention, the brief quotes from the opinion by Mr. Chief Justice ROSENBERRY in *Hartwig v. Harvey, supra* (p. 479):

"It has long been held that while an appeal may be taken from a discretionary order, the matter will be reviewed solely to determine whether there was an abuse of discretion. If it is found that there was no abuse of discretion, the appeal will be dismissed. If there was an abuse of discretion, the order will be reversed. *Jones v. Walker* (1867), 22 Wis. *220; *McCarville v. Boyle* (1895), 89 Wis. 651, 62 N. W. 517; *McElroy v. Minnesota Percheron Horse Co.* (1901), 109 Wis. 116, 85 N. W. 119."

Standing by itself, the foregoing quotation would seem to support the appellant's contention. However, Mr. Justice MARSHALL in his opinion in *McElroy v. Minnesota Percheron Horse Co.* (1901), 109 Wis. 116, 85 N. W. 119, made it clear that such rule is limited in its application to appealable orders. We quote from such opinion as follows (p. 118):

"Where the only objection to an appeal from an order is that it was within the discretionary power of the trial court to grant or refuse it, *and the order is one of a class of orders appealable by statute,* this court must examine the record to see whether there was an abuse of discretion or not; and except in case of an order granting, refusing, or modifying an injunction, if no such abuse be discovered, the appeal must be dismissed. In short, in such a case jurisdiction of this court to entertain the appeal for the purpose of the entry of an order in the cause, depends upon whether the order appealed from was the result of an abuse of judicial discretion." (Emphasis supplied.)

The earliest case we have been able to find, in which the court discussed appealability of an order as being dependent

upon an abuse of discretion, is *Fairchild v. Dean* (1861), 13 Wis. 367 (*329). In that case the clerk of court had signed four cognovit judgments on January 17, 1855. In May, 1860, the plaintiff moved to allow the judgments to be signed by a judge or court commissioner *nunc pro tunc* as of January 17, 1855. The trial court by order denied the motion and the plaintiff appealed. The supreme court first held the order not appealable under ch. 264, Laws of 1860 (predecessor to sec. 274.33, Stats.). Then, as an additional reason as to why the order was not appealable, the opinion stated that if the trial court refused the order in the exercise of its discretion it was not appealable. We interpret such holding as meaning that, even if the order were an appealable order under the statute, it still would not be appealable if entered in the exercise of the trial court's discretion.

Next came *Jones v. Walker* (1867), 22 Wis. 212 (*220). There the appeal was from that part of an order granting leave to amend an answer which imposed terms. The opinion made no reference to the existing statute governing appealable orders. Instead the court held that the appealability of the order depended upon whether there was an abuse of discretion. No abuse of discretion was found and the appeal was dismissed.

Another early case holding to the same effect is *Crerar v. Milwaukee & St. Paul R. Co.* (1874), 35 Wis. 67. The appeal was from an order allowing an amendment to a pleading. Again the supreme court made no reference to the statute governing appealable orders and held that appealability depended upon whether there had been an abuse of discretion. The appeal was dismissed. The opinion also referred to a footnote to *Cottrell v. Giltner* (1856), 5 Wis. 270, which states the same rule. Such footnote was apparently written as late as 1873, because an 1873 case is cited therein. Some of the cases cited in such footnote in support of the rule are not in point when closely examined.

Two subsequently decided cases making mention of such rule in addition to those of *Hartwig v. Harvey, supra,* and *McElroy v. Minnesota Percheron Horse Co., supra,* are *McCarville v. Boyle* (1895), 89 Wis. 651, 62 N. W. 517 (an order denying motion to make a pleading more definite and certain), and *Sly v. Kilbourn City* (1910), 144 Wis. 203, 128 N. W. 872 (an order extending time to settle a bill of exceptions). In both cases the appeals were dismissed on the ground that there had been no abuse of discretion. However, the order in the *Sly Case* was clearly an appealable order under the statute. *Ray v. Hixon* (1895), 90 Wis. 39, 62 N. W. 922, and *Evans v. St. Paul F. & M. Ins. Co.* (1882), 54 Wis. 522, 11 N. W. 594.

We have been unable to find a single case in which this court ever reversed an order of a trial court because of an abuse of discretion in a situation where the order was not appealable within the provisions of sec. 274.33, Stats., and its predecessor statute. The confusion apparently has been caused by the earlier-expressed view that, regardless of whether an order was appealable under the statute, the supreme court was without jurisdiction to review an order which had been entered pursuant to the discretionary power of the trial court. It is the view of this court, as presently constituted, that this is an erroneous concept of the jurisdiction of this court inasmuch as it confuses the court's power with its jurisdiction. The rule, that restrains this court from reversing a discretionary order where there has been no abuse of discretion, is not grounded upon lack of jurisdiction, but upon considerations of policy.

Therefore, we expressly overrule all prior decisions of this court which have held that the appealability of an order is ever dependent upon whether there has been an abuse of discretion.

Appeal dismissed.