367 P.2d 199

**Al V. MOYNAHAN, doing business as Al Moynahan Realty and William R. Cohen, Appellants,**

v.

**Anthony FRITZ, Lawyers Title of Phoenix, Clemans Brothers Cattle Company, Inc., and W. J. Clemans and M. T. Clemans, and Clemans Cattle Company, Inc., Dumont Investment Co., John J. Dumont, Julius Rose, First National Bank of Arizona, Charles Strakosch and Lester Engler, Appellees.**

No. 7408.

Supreme Court of Arizona.
En Banc.

Nov. 29, 1961.

Finn & Knudsen, Phoenix, for appellants.

Reed, Wood & Platt, Coolidge, for Clemans.

STRUCKMEYER, Chief Justice.

One Anthony Fritz, plaintiff in the court below, instituted an action against defendants, Moynahan and Cohen. They, prior to the service of their answer, applied ex parte for and received leave to serve third party defendants pursuant to the Arizona Rules of Civil Procedure, Rule 14(a). Third party defendants, Clemans Brothers Cattle Company, Inc., Clemans Cattle Company, Inc., W. J. Clemans and M. T. Clemans, thereafter filed a motion to vacate the order granting leave to implead on the grounds that they did not come within the terms of Rule 14(a). The motion was granted and at the same time the court ordered the counterclaim and cross-claim of a third party defendant dismissed.

Defendants, Moynahan and Cohen, appealed to this Court complaining of the order granting the "Clemans" motion to vacate and were met with a motion to dismiss for lack of jurisdiction based in part on the contention that the appeal is from an interlocutory order. While in this Court we do not ordinarily write opinions on the granting or denying of a motion to dismiss we feel that the matter is of sufficient moment to justify a departure from our usual procedure.

We first note that the vacation of an order permitting impleader lies in the sound discretion of the trial judge. A court having granted an order permitting impleader should not be powerless to vacate such order when it appears that the ends of justice are satisfied thereby. Duke v. Reconstruction Finance Corp., 4 Cir., 209 F.2d 204, 208. Hence, we treat the granting of the order in question as if it were an original denial of a motion to implead.

We have held that an order denying an application for leave to intervene is appealable since it affects a substantial right, preventing judgment for or against the intervenor. Hill v. Alfalfa Seed and Lumber Co., 38 Ariz. 70, 297 P. 868. A vital distinction between the Hill case and the present case should be made. A motion to intervene is made by one who is not a party to the action, whereas a motion to implead can only be made by one who is a party. In the event judgment is rendered against the named defendants in the case, that is the persons requesting the impleader, they would have a right to appeal from the final judgment and this would include the right to appeal from the denial of the motion to implead.

A review of the federal cases which have interpreted Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., discloses that an order denying a motion to

implead third party defendants is not a final judgment from which an appeal can be taken. Sechrist v. Dyke, 256 F.2d 881 (1958 C.C.A. 4th); Ford Motor Co. v. Milby, 210 F.2d 137 (1954 C.C.A. 4th); County Bank of Greenwood, South Carolina v. First Nat. Bank of Atlanta, 184 F.2d 152 (1950 C.C.A. 4th); See also 3 Moore Federal Practice § 14.19, at 450 (2nd ed. 1948), and 16 A.L.R.2d 1015, 1023.

■ The question now becomes whether an order denying defendants the right to implead third parties is made appealable by reason of A.R.S. § 12–2101, subd. D. That section provides that an appeal may be taken:

"From any order affecting a substantial right made in any action when the order in effect determines the action and prevents judgment from which an appeal might be taken."

Plainly, an order denying a motion to implead does not determine the action. No final judgment of any kind has been entered nor does the order prevent judgment from which an appeal may be taken. If on final determination of the cause in the superior court a judgment is rendered against the plaintiff and in favor of the defendants, defendants having prevailed the impleader would have been purposeless. If judgment is rendered against defendants, they can still appeal to this Court to determine the question whether third parties

should have been added. Public policy is against the piecemeal adjudication of litigation by appeals to this Court with the resultant delay in determination of a plaintiff's rights.

In 1960 Wisconsin was presented with this same question under a statute similar to A.R.S. § 12–2101, subd. D, supra. The Wisconsin Court drew a distinction between an order denying intervention and an order denying impleader, pointing out:

"* * * the remedy of the aggrieved movant is to appeal from the judgment thereafter entered, thus securing a review of any intervening order which affects the judgment." State v. McDonald Lumber Co., 9 Wis. 2d 206, 100 N.W.2d 701, 702.

■ Conceivably as the issues develop during the course of the litigation, the court below may be of the further view that in order to fully dispose of the issues third party defendants should be added. It would then be proper to permit their appearance in the case by reinstating the original order.

■ Rule 54(b), Rules of Civil Procedure, relating to judgment upon multiple claims has no application to a motion to implead. We said in Stevens v. Mehagian's Home Furnishings, Inc., Ariz., 365 P.2d 208, 209:

"It [Rule 54(b)] does not purport to affect in any manner any statutory

right of appeal from, or appellate re--view of, an interlocutory order."

The motion to dismiss the appeal is ordered granted and the appeal is dismissed as to all parties.

BERNSTEIN, V. C. J., and UDALL, JENNINGS and LOCKWOOD, JJ., concur.